IN THE MATTER OF THE ESTATE OF JOHN WHITSON, DE-CEASED ; A. J. WHITSON, *Widow, et al., Appellants.*

1. **Practice** : VENUE, CHANGE OF : JURISDICTION. A court in which application for change of venue is made does not lose jurisdiction of the cause by the mere fact of the application, but it is the order granting the change which divests it of jurisdiction and confers it upon the court to which the change is granted.

2. ——— : ——— : ADMINISTRATION. Upon the filing of the transcript and papers in the office of the clerk of the circuit court, upon appeal from the probate court, the circuit court becomes possessed of the cause and should proceed to hear and determine it without regard to any error, defect or imperfection in the proceedings in the probate court, and in such case this court will not review the action of the probate judge in refusing to grant a change of venue.

3. ——— : ———. The statute concerning changes of venue in civil cases contemplates that the application for a change shall be made by the party himself, and when not so made it may well be refused for that reason.

4. ——— : ——— : ADMINISTRATION. In a proceeding for the sale of real estate of a decedent for the payment of his debts, where the dower of his widow in such lands has been assigned, her application for a change of venue should be refused upon the ground that she is not a party whose interest will be affected by the approval or disapproval of the report of sale.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Rudolph Hirzel* for appellants.

Neither the probate court nor the circuit court had authority to pass upon the merits of the case after the motion for change of venue was presented. R. S., sec. 3730 ; *State v. Lack*, 58 Mo. 502 ; *Gale v. Miche*, 47 Mo. 328 ; R. S., sec. 3729 ; *Corpenny v. City of Sedalia*, 57 Mo. 88.

*Crews & Booth* for respondent.

NORTON, J.—This cause was tried in the circuit court of Franklin county on an appeal from a judgment of the probate court of said county, approving report of T. A. Lowe, administrator *de bonis non* of the estate of John Whitson, deceased, of the sale of real estate for the payment of debts against said estate.

The circuit court on a trial *de novo* rendered judgment approving and confirming said report, and from this judgment an appeal is presented to this court, and we are asked to reverse the judgment on the alleged ground that neither the probate court nor circuit court had jurisdiction to pass upon the merits of the case, after in each of said courts a motion for change of venue had been made. It is held in the cases of *Henderson v. Henderson*, 55 Mo. 534; *Colvin v. Six*, 79 Mo. 198 and *State v. Daniels*, 66 Mo. 192, that a court in which an application for change of venue is made does not lose jurisdiction of the same by the mere fact of the application, but that it is the order granting the change which divests the court of jurisdiction, and confers it upon the court to which the change is granted. Inasmuch as where an appeal is taken from the judgment of a probate court it is provided by section 299, Revised Statutes, that the filing of the transcript and papers in the office of the clerk of the circuit court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same without regarding any error, defect or other imperfection in the proceedings of the probate court, we deem it unnecessary to review the action of the probate judge in refusing to grant a change of venue while the same was pending before him.

The only other question presented by the record is, was error committed by the circuit court in overruling

In the Matter of Whitson's Estate.

the motion for a change of venue made in that court. The application for the change was made by A. J. Whitson, the widow of deceased, in which it is stated that the judge of the court was prejudiced against her, and the other objections on account of which they could n⌀t have a fair trial. This application might well have been refused on the ground that the person making it had no interest to be affected, either by the approval or disapproval of the report of sale. It is shown that she was the widow of the deceased, and it is stated in the objections filed to the report of sale, that her dower had been assigned her in the real estate. Under this state of facts she had no interest to protect, and was not a party in interest to the proceedings, and under the ruling of this court in *Huthsing v. Maus*, 36 Mo. 101, and *Norvell v. Porter*, 62 Mo. 310, where it is held that the statute concerning changes of venue in civil cases evidently contemplates that the application shall be made by the party himself, the trial court might well have refused to grant the motion.

It appears from the record that all the steps required by the statute to be taken for the sale of real estate to pay debts of the estate, were taken by the administrator for the sale of the real estate in question. From the whole record it appears that the judgment was for the right party, and it is hereby affirmed. All concur.