STATE OF MISSOURI, Respondent, v. W. T. CURTIS,
Appellant.

St. Louis Court of Appeals, November 17, 1896.

Criminal Law: EFFECT OF RECOGNIZANCE FOR APPEARANCE IN ST. LOUIS
CRIMINAL COURT. A recognizance which is conditioned, in proper
terms, for the appearance of the principal before the St. Louis
criminal court without specification of either division of that court,
obligates him to appear in either division in which the prosecution
against him may be pending. Accordingly, when he takes a change
of venue from one division of that court to the other, the recognizance
is broken by his failure to appear in the latter.

*Appeal from the St. Louis Criminal Court.*—HON.
THOMAS B. HARVEY, Judge.

AFFIRMED.

*Estep & Borton* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—An indictment was preferred by
the grand jury of the city of St. Louis against one
Alonzo Beemer, charging upon him an assault with
intent to kill. He thereupon gave bond, with the
defendant as his surety, in the penal sum of $500.
This bond, which is the subject of the present contro-
versy, is conditioned that "Alonzo Beemer shall per-
sonally appear *before the St. Louis criminal court* from
day to day during the present term, and on the first
day of any future term thereof, to which the cause may
be continued, then and there to answer to an indict-
ment (describing it) and not depart *the said court*
without leave thereof." (The italics are ours.)

All indictments found by the grand jury of the city of St. Louis are returnable to division one of the criminal court of said city, as said court is constituted by the act of March 26, 1895 (Laws, 1895, page 131). While it is not expressly averred in the record, it appears inferentially that the indictment above mentioned was not only returned to, but also assigned for trial to, division one, under the provisions of the fourth section of said act. At all events the record expressly shows that Alonzo Beemer moved for a change of venue in division one, and that the judge of said division under the provisions of the fifth section of said act, transferred his cause to division two. When the cause was called for trial in division two, both Beemer and his surety (the defendant) failed to appear. A writ of *scire facias* was thereupon issued by the court against the defendant, who appeared on the return day and moved to quash the writ on the ground that Beemer, his principal, was not required to give a new recognizance when the cause was transferred by division one to division two, and that hence he was discharged as Beemer's surety. This motion the court overruled. The defendant then filed an answer, setting up the facts hereinabove stated as ground for his discharge. The state demurred to this answer, the court sustained the demurrer, and, the defendant declining to plead further, the court rendered the judgment against him, from which the defendant prosecutes this appeal.

It will be thus seen that the sole question for our consideration is this: Does a bond taken by the judge of either division of the criminal court of the city of St. Louis, which is conditioned that the principal in the bond shall appear in the criminal court without specifying in what division thereof, bind the defendant to appear in either division where his cause may be

pending? We answer the question in the affirmative. Such a construction is in consonance, not only with the spirit, but also with the letter, of the bond, and is the only one admissible. While the court is composed of two divisions, both divisions constitute the criminal court of the city of St. Louis. The provision, which is contained in the act creating the circuit court of the city of St. Louis, and which is found in section 2272 of the Revised Statutes of 1889; namely, that the several divisions of said circuit court in said city shall be regarded as separate courts within the meaning of this section, is not found in the act of March 26, 1895, providing for two divisions of the criminal court. The judge who took the bond in the case at bar was careful to make its provisions broad enough to cover the requirement of the prisoner's appearance in the criminal court. The answer does not defend on the ground that the prisoner appeared in either division, nor that the bond required him to appear in one division only; hence it set up no defense.

The statute of 1895, which provides for an additional judge of the criminal court, does not, as the defendant contends, create two courts. On the contrary, it recognizes the fact that the existence of the court as one court for many purposes is essential. A bond, therefore, which binds the defendant to appear in the criminal court, is broad enough in its terms to require him to appear in either division. It is true that the judge in either division may discharge him, but a transfer of the case from one division to the other is in no sense a *leave* to the defendant to depart from the *court*.

We are aware that the liability of a surety is *strictissimi juris*, and can not be extended by any supposed equities. Neither is, on the other hand, the

VOL. 67 app—28

surety in a position to say *non in haec faedera veni,* when his liability falls both within the letter and spirit of the bond.

All the judges concurring, the judgment is affirmed.