IN THE MATTER OF THE INCORPORATION OF LITTLE TARKIO DRAINAGE DISTRICT NO. 1 v. JOHN D. RICHARDSON et al., Appellants.

### Division One, March 31, 1910.

1. **CHANGE OF VENUE: Erroneous Ruling: No Exception.** There is a distinction between the existence of jurisdiction and its erroneous exercise. The erroneous granting of a change of venue is a matter purely of exception, and such matter can be preserved for review on appeal only by a term bill of exceptions. It is otherwise where the question of the court's jurisdiction appears on the face of the record proper.

2. ———: ———: **Calling in Another Judge: Erroneous Ruling on Application.** Where appellants filed an application for a change of venue based on an allegation that the adversary parties had an undue influence over the mind of the court, and the judge caused an order to be made disqualifying himself from sitting

in the cause because of "having an opinion as to the merits of the case," and reciting that the parties being "unable to agree upon any member of the bar to sit in the trial of said·cause or to the election of a special judge, the cause is set down for trial" on a certain day, and that the judge of another circuit "is hereby requested to appear in this court on said date and sit in the trial of said cause," and no exceptions were saved to the action of the court at that term, and said other judge did appear at said time, and thereupon appellants filed a plea "to the jurisdiction and authority of said judge, to hear, try and determine said cause," it will not be held on appeal, that the judge upon the filing of the application had only authority to send the cause to another county, or that he correctly ruled upon the application, but it will be ruled that, even if his ruling was wrong, it was an erroneous one, which cannot be reviewed because no exception thereto was taken, for the fact that the application was pending did not disqualify the regular judge of jurisdiction to call in another.

Appeal from Holt Circuit Court.—*Hon. F. H. Trimble,* Judge.

AFFIRMED.

*E. J. Kellogg, T. C. Dungan, W. H. Richards* and *H. K. White* for appellants.

(1) The only question presented to this court on this appeal involves the right of Judge Trimble to hear and determine this case. (2) This proceeding was a civil suit within the meaning of the law regulating changes of venue. State ex rel. v. Riley, 203 Mo. 175. (3) The order made by Judge Ellison sustaining the petition for change of venue without sending the case to another county and calling in Judge Trimble to try the case, was illegal and void and appellants' plea to the jurisdiction should have been sustained. R. S. 1899, secs. 818-822; State ex rel. v. Flournoy, 160 Mo. 324; Guy v. Railroad, 197 Mo. 178; State ex rel. v. McKee, 150 Mo. 233; Penfield v. Vaughan, 169 Mo. 374. (4) Section 833 requires that the applicant for a change of venue "shall deposit with the clerk of the circuit court ten dollars." There is no statutory re-

quirement that the record should show the fact of deposit. In fact, when the application for change of venue is made in vacation, the record could not show the fact of the deposit. The fact of the deposit is not jurisdictional. Cunningham v. Railroad, 165 Mo. 270; Remauer v. Railroad, 210 Mo. 113. The affidavit of the circuit clerk is on file showing that in fact a fee was paid when the application was filed, and he further states that the minutes of the judge, and his own minutes, show this fact, and a certified copy of the minutes of the judge and the clerk corroborates this statement. (5) Respondents urge that no exception was taken to the order of Judge Ellison calling in Judge Trimble, and that this error of Judge Ellison was not included among the errors assigned in the motion for new trial. Appellants urge that the record proper shows that Judge Ellison had no power or authority to make the order complained of after the application for a change of venue was filed. Leslie v. Chase & Son, 200 Mo. 374. The record shows that at the same term at which the order was made, appellants, upon the appearance of Judge Trimble to try the case, presented a plea to his jurisdiction, setting forth the erroneous order of Judge Ellison, and supported the same by the records and excepted to his action in overruling this plea. In their motion for a new trial, they urged this error as a cause for setting aside the judgment. There is no object in preserving two exceptions to the same error. This is the rule as to objections to the admission or rejection of testimony offered in the trial of a cause. Schierbaum v. Schemme, 157 Mo. 22.

*Petree Bros.* and *H. B. Williams* for respondents.

The only error assigned by the appellants is the action of Judge Ellison in disqualifying himself and calling in Judge Trimble to try the cause. No exceptions were saved by the appellants to the ruling of

Judge Ellison at the time it was made. No bill of exceptions, signed by Judge Ellison, was ever filed in the said cause, and the alleged error made by Judge Ellison was not embodied in the motion for a new trial or in arrest. The appellants seek to make the alleged error of Judge Ellison, made at the August term, 1908, a part of the record by embodying it in a bill of exceptions, signed by Judge Trimble and filed two terms thereafter. It results that the alleged error of Judge Ellison in calling in Judge Trimble to try the case is not before this court for review. Stearns v. Railroad, 94 Mo. 317; State v. Dodson, 72 Mo. 283; Keene v. Schnedler, 92 Mo. 524; Squires v. Chillicothe, 89 Mo. 232; State v. Ware, 69 Mo. 332; State v. Gamble, 119 Mo. 430; Haehl v. Railroad, 119 Mo. 335; Wolff v. Ward, 104 Mo. 144; 3 Cyc. 32; 3 Ency. Pl. and Pr., 454; State ex rel. v. McKee, 150 Mo. 233; Wentzville Co. v. Walker, 123 Mo. 669; Hurt v. King, 24 Mo. App. 593; Jones v. Evans, 80 Mo. 565; Railroad v. Carlisle, 94 Mo. 166; State v. Knight, 61 Mo. 373; Potter v. Adams' Exrs., 24 Mo. 159; Wright v. Kansas City, 187 Mo. 696; Eudaley v. Railroad, 186 Mo. 399; State ex rel. v. Evans, 184 Mo. 632; Klotz v. Perleet, 101 Mo. 217; Carpenter v. McDavitt, 53 Mo. App. 400. Appellants urge that error was committed by Judge Ellison in not sending the cause to some other circuit for trial. The alleged error is not before the court for review, but if it were, no error was committed by Judge Ellison. The record does not show that a deposit of $10 was made by the applicants for the change, as required by section 833, Revised Statutes 1899. Unless such deposit is made, the cause should not be sent out of the county for trial. State ex rel. v. Flournoy, 160 Mo. 330. The action of Judge Ellison in disqualifying himself and calling in Judge Trimble to try the cause was not a nullity. At most it was but an irregularity, and since the alleged error has not been brought before this court for review

by exceptions properly saved and embodied in the record, appellants cannot in this court successfully attack the jurisdiction of Judge Trimble to try the cause. Stearns v. Railroad, 94 Mo. 321; State v. Dodson, supra; Potter v. Adams' Exrs., supra; State v. Knight, supra; State ex rel. v. McKee, supra.

VALLIANT, J.—This was a proceeding in the circuit court of Holt county to incorporate the above named drainage district under sections 8251 and following, Revised Statutes 1899. The appellants with others being landowners in the district, filed objections to the incorporation, the proceeding resulted in a decree of incorporation and Richardson and others have brought the cause here by appeal. Appellants ask a reversal of the judgment on one point only, that is, the action of the court on their application for a change of venue. At the return term of the court appellants filed their application for a change of venue under section 818, Revised Statutes 1899, based on their allegation that the petitioners for the incorporation had an undue influence over the mind of the judge of that court. After filing that application and on the same day they filed their objections to the proceeding. Afterwards, during the same term and before any other action by the court in the matter, the court made the following order which was duly entered of record:

"Now, here at this time, William C. Ellison, judge of this court, for having an opinion as to the merits of the case, disqualifies himself from acting thereon, and the application for change of venue is sustained, and it appearing to the court that the petitioners and the objectors are unable to agree upon any member of the bar to sit in the trial of said cause or to the election of a special judge, it is ordered that said cause be set down for trial on Tuesday, September 22, 1908, and it is further ordered that Francis H.

Trimble, judge of the Seventh Circuit of the State, be and is hereby requested to appear in this court on said date and sit in the trial of said cause, and it is further ordered that the clerk of this court notify the said Francis H. Trimble.''

On the day named, 22d September, 1908, Judge Trimble, in compliance with the order, appeared in court, ascended the bench and called the cause for trial; thereupon appellants filed and presented a plea to the jurisdiction of the court as then constituted, that is, with Judge Trimble presiding. The plea starts out with: ''Now come the objectors in the above entitled cause and now plead to the jurisdiction and authority of Judge Trimble now sitting in the hearing of said cause and aver that the said judge has no right to hear, try and determine the same or in any manner act in the premises,'' etc. It then goes on to recite the filing of the application for a change of venue and states that they deposited with the clerk the $10 required by the statute and then recites the order of the court which is above quoted, states that the court had no authority to call in another judge to try the cause in that court, but had only authority to change the venue to another county, and concludes with the statement that the order conferred no jurisdiction on Judge Trimble, but that the cause still remained in the jurisdiction of the court with Judge Ellison to preside. On the hearing of that plea appellants offered in evidence their application for a change of venue and the order of court above mentioned; the court overruled the plea and appellants saved their exception. Then the court went on to try the cause with the result already above stated.

When Judge Ellison made the order calling in Judge Trimble to try the cause, instead of ordering a change of venue to another county as appellants contend he should have done, appellants did not ex-

227 Sup—17

cept to that ruling and no objection thereto appears until twenty days afterwards, when the judge who made the ruling had retired from the bench and Judge Trimble had ascended. The only bill of exceptions in the record is one signed by Judge Trimble. Appellants' sole proposition now is that the court, with Judge Trimble presiding, had no jurisdiction to try the case and that therefore the judgment is void.

Appellants in their brief say that since the action of Judge Ellison calling Judge Trimble to preside appears on the face of the record proper it is reviewable on appeal, although no exception was taken. To sustain this position counsel refer to Leslie v. Chase, 200 Mo. 363, where at pages 374-5 the court said:

"If a circuit court makes an order for a change of venue in a cause pending before it, when, under the circumstances, there was no legal ground for the order, it is error; but unless the record proper shows on its face that the order was without lawful authority, the party objecting to it can bring the error to the attention of the appellate court only by a bill of exceptions filed in the court where the order was made. If, however, the record proper in the court where the order was made shows on its face that the court had no authority to make it, then the order gives the court to which the cause is sent no jurisdiction to try it, and if that court should thereafter acquire any jurisdiction of the cause it would be, not by virtue of that order, but on the ground that it was in itself a court having general jurisdiction over such causes and that the parties to the suit had without objection submitted their cause to its jurisdiction."

In that case there was an application for a change of venue on the ground of the alleged prejudice of the judge, the court record showed that the application coming on to be heard was by the court sustained, and that thereupon the parties agreed to call in a certain judge from an adjoining circuit to try the

cause, and the court record further showed that the judge so called came and assumed jurisdiction of the cause by making an order which was entered of record continuing the cause, and the court record further showed that after that proceeding, and, as was admitted by counsel on both sides, during the absence of the judge so chosen, the regular judge of the court during that term ascended the bench and caused an order to be entered setting aside the order of continuance and transferring the cause to a county in an adjoining circuit. There the question was not merely whether the regular judge of the court erroneously exercised a jurisdiction resting in him, but whether he had any authority to act in the case at all while the authority of the other over the case continued and it was held he had no such authority. So, therefore, in that case it was a question of jurisdiction appearing on the face of the record proper and was reviewable without a bill of exceptions. If appellants were correct in their position that where the ruling of the court appears on the face of the record it may be reviewed without exception, then there would be no necessity to except to the ruling of the court on a motion for a new trial or other written motion, because such ruling is always a matter appearing on the face of the record proper. An error to which no exception is taken is presumed to have been waived if it be of a kind that can be waived. Appellants treat the question as if the ruling affected the jurisdiction, and if that were so they would be right in their contention, that is, if the record shows such action as deprives the court of jurisdiction of the case the action is reviewable even though no exception was taken. But if the record shows only an erroneous ruling, to which there was no exception, then the action is not reviewable. As this court, speaking through Judge SHERWOOD, in State ex rel. v. McKee, 150 Mo. 233, l. c. 241, said: "The distinction lies between the

existence of jurisdiction and its erroneous exercise.''
The court in that case also said, ''In other words, the
erroneous granting of a change of venue is a matter
purely of exception, and such matter cannot be pre-
served save in the only repository known to the law,
to-wit, a bill of exceptions, something which the record
recitals cannot supply.''

In Eudaley v. Railroad, 186 Mo. 399, and Guy
v. Railroad, 197 Mo. 174, exceptions were timely pre-
served in term bills of exception. In State ex rel. v.
Evans, 184 Mo. 632, l. c. 642, the court said: ''The
room for the exercise of discretion in the trial judge
on an application for a change of venue is sometimes
very narrow. If the application is in due form and
in due time, his duty to grant the change in a certain
class of cases, is imperative, but still it is for him, at
least, to say that the application is or is not in due
form or in due time, and although he may err in his
judgment yet his jurisdiction is not thereby ended.''

The application for a change of venue does not
affect the jurisdiction of the court, it is only when the
court makes an order transferring the cause to another
court that the original court loses its jurisdiction.
[In re Whitson's Estate, 89 Mo. 58.]    In Wolff v.
Ward, 104 Mo. 127, an application for a change of
venue had been denied, and the court record showed
that the party excepted to the action of the court,
but the bill of exceptions did not show it, and the
court said: ''These applications do not constitute a
part of the record proper. [Stearns v. Railroad, 94
Mo. 317, and cases cited.] And this court will not
review the action of the court thereon unless excep-
tions were saved and the matter brought to the atten-
tion of the court by motion for new trial.'' In the
case at bar no exception was taken to the action of
Judge Ellison, and the only objection made to the
action of Judge Trimble was that the court, with him
presiding, had no jurisdiction. Appellants failed to

observe the distinction pointed out in State ex rel. v. McKee, above quoted, that is, the distinction "between the existence of jurisdiction and its erroneous exercise." We do not decide whether or not Judge Ellison ruled correctly on the application for a change of venue, but we say that even if he ruled wrong it was only an erroneous ruling which we cannot review because no exception was taken to it. Section 1678, Revised Statutes 1899, authorizes a circuit judge under certain circumstances to call in a judge of another circuit and when that judge comes and occupies the bench, the court with him presiding is a circuit court of competent jurisdiction. If Judge Ellison in this case, as his order recites, was conscious that he had already formed an opinion on the merits, and for that reason thought he ought not to try it he had, on his own motion, authority under section 1678 to invite another circuit judge to come and try the case in his stead. The fact that an application for a change of venue was pending did not deprive Judge Ellison of jurisdiction to do what section 1678 authorized him to do. If it should be conceded that it was error to have called in another circuit judge instead of sending the cause to another county outside of his circuit, still it was only error and affected not the jurisdiction; if it was error it would have been corrected if exception had been taken and it had been brought to this court in the manner provided by law. If Judge Ellison had overruled the application or if he had entirely ignored it and had tried the cause himself it could not be said that the judgment was void for want of jurisdiction, although it might be said that it was erroneous.

We find no error in the case as presented; the judgment is therefore affirmed. All concur.