State v. Travers.

## THE STATE v. F. R. TRAVERS, Appellant.

Division Two, May 25, 1915.

1. **APPEAL: New Point: Motion to Quash Execution.** A motion to quash an execution issued upon a judgment cannot, on appeal, be sustained on a ground not contained in the motion as filed in the trial court; for instance, that the judgment was rendered against T. R. Travers, while the execution issued against F. R. Travers.

2. **RECOGNIZANCE: Given in One Division of Criminal Court: Forfeiture Entered in Another.** Division Two of the criminal court of Jackson county has jurisdiction to declare a forfeiture of a recognizance entered into in Division One in a felony case and taken by change of venue to Division Two, where such recognizance is conditioned upon the accused's appearance "before this court," etc. The two divisions of said criminal court are not to be considered as two separate and distinct courts, but merely as divisions of the one and the same court.

3. ——: ——: ——: **Change of Venue: Statute.** Section 5187, Revised Statutes 1909, concerning a new recognizance when a criminal case is transferred by change of venue, has no appli-

cation to a change of venue taken from one division to the other of the Jackson Criminal Court, but such changes are governed by section 4427, which is a special statute, applicable to such matters in said court.

Appeal from Jackson Criminal Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Boyle & Howell* and *Joseph S. Brooks* for appellant.

(1) The rule of construction in cases of this character is *strictissimi juris.* A surety is not to be held beyond the precise terms of his contract and his liability cannot be extended by implication. Blair v. Ins. Co., 10 Mo. 560; Bauer v. Cabanne, 105 Mo. 110; Bricker v. Stone, 47 Mo. App. 530; Erath v. Allen, 55 Mo. App. 107; Ins. Co. v. McDearmon, 133 Mo. App. 577. (2) A surety as a favorite of the law has a right to stand upon the strict terms of his contract and is bound only to the extent, in the manner and under the circumstances pointed out in the obligation. Martin v. Whites, 128 Mo. App. 120; Reissaus v. Whites, 128 Mo. 143. (3) Under the statute in this State, no order for the removal of a cause on change of venue shall be effectual in the case of any defendant not in confinement or custody unless a recognizance be taken or entered into in open court. R. S. 1909, sec. 5187. (4) Under the recognizance in this case the defendant was required to appear in Division One of the criminal court of Jackson county, Missouri. The judge of Division Two of the criminal court, sitting as judge of such court, had no jurisdiction to declare a forfeiture of a recognizance to appear in Division One of said court. R. S. 1909, sec. 5187. (5) Under the statute law of Missouri it is provided that when an order shall be made granting a change of venue, the defendant, if not in confinement or custody, shall enter into a recognizance, with sufficient sureties, for his appear-

ance to answer the charge in the court to which the cause is to be removed. R. S. 1909, sec. 5185.

*John T. Barker*, Attorney-General, and *Lee B. Ewing*, Assistant Attorney-General, for the State.

(1) The criminal court of Jackson county is but one court, consisting of two divisions. R. S. 1909, secs. 4205, 4220 and 4225; State ex rel. v. Allen, 235 Mo. 302; Goddard v. Delaney, 181 Mo. 564; Guy v. Railroad, 197 Mo. 180; State ex rel. v. Fort, 210 Mo. 512; White v. San Francisco Sup. Ct., 110 Cal. 66; Wood v. Fithian, 24 N. J. L. 838; 11 Cyc. 717. (2) Raymond Travers having been recognized to appear in said criminal court of Jackson county, and F. R. Travers having become a surety for his appearance, they were obligated for his appearance in either division and the recognizance became forfeited when the accused failed to appear before the judge of Division Two of said court, to which division said cause had been transferred on change of venue taken from the judge of Division One of said court. R. S. 1909, sec. 4227; and authorities supra. (3) On motion to quash execution the irregularities or errors in the rendition of the judgment cannot be inquired into. Brackett v. Baskett, 53 Mo. 265; Johnson v. Greve, 60 Mo. App. 173; Harburt v. Hurden, 116 Mo. App. 516. (4) Appellant, in his motion to quash the execution, treated the judgment rendered by the criminal court of Jackson county, as a judgment *against him,* notwithstanding that, through a clerical error, his name was written T. R. Travers in the judgment instead of F. R. Travers. Having assumed that position in the motion to quash in the court below, he will not be permitted to change front here. He is bound by his position in the trial court. Overshiner v. Britton, 169 Mo. 341; Wood v. Flannery, 89 Mo. App. 632; Drug Co. v. Bybee, 179 Mo. 354.

WILLIAMS, C.—This is an appeal from the judgment of Division Two of the criminal court of Jackson county, Missouri, in overruling appellant's motion to quash an execution issued upon a final judgment of said court upon a forfeited recognizance which had been given in a felony case. Appellant is the surety upon said bond and the person against whom the judgment was entered in the *scire facias* proceeding had for that purpose in said court. It appears from the record in the case that on the 29th of April, 1912, an information, charging one Raymond Travers with a felony, was filed in Division One of the criminal court of Jackson county, Missouri, and thereafter and on the same day, in open court before Division One of said court, said Raymond Travers, as principal, and appellant herein, F. R. Travers, as surety, entered into a recognizance in the sum of one thousand dollars, the condition of said recognizance being as follows: "The condition of this bond is, that if said defendant, Raymond Travers, shall be and appear before this court from day to day during said term and from term to term of said court should this cause be continued, then and there to answer unto said State upon the indictment herein, and not depart the court without leave thereof, then this bond to be void, otherwise to be and remain in full force and effect."

The case was set for trial for June 3, 1912. On June 1, the accused filed application for change of venue from the judge of said Division One, and on June 3, the application for change of venue was granted and the cause transferred to Division Two of the criminal court of Jackson county, and thereafter the cause was set down for hearing in Division Two for June 24, 1912. The accused failed to appear and the above mentioned recognizance was declared forfeited, *scire facias* was duly issued and served upon the surety and on the day set the surety appeared in said court and failing to show cause why the judgment of for-

feiture should not be made final, said court thereupon rendered final judgment against this appellant and awarded execution thereon. Execution was thereafter issued upon said judgment and the surety filed a motion to quash the execution. The motion to quash the execution is somewhat lengthy, but, in substance, seeks to have the execution quashed on the ground that Division Two of said court did not have jurisdiction to declare said recognizance forfeited and to enter final judgment thereon: (1) because said recognizance only bound the accused to appear in Division One of said court, and (2) because a new recognizance was not entered into by the accused at the time of and before the cause was removed on change of venue from Division One to Division Two of said court. The court overruled said motion to quash and said surety duly perfected his appeal. [See Sec. 4207, R. S. 1909.] The appeal was allowed to the Kansas City Court of Appeals, but that court later transferred the case here on the ground that the case was a proceeding concerning a recognizance given in a felony case and that the jurisdiction to determine same was in the Supreme Court.

I. In his brief filed in this court, appellant, for the first time, urges a further reason why the execution should be quashed, to-wit, that the judg-

**New Point on Appeal.** ment was against T. R. Travers while the execution issued against F. R. Travers. But, however that may be, the point cannot be reviewed upon this appeal for the reason that the point was not contained in the motion to quash and this appeal being a proceeding for a review of the ruling of the trial court, we are necessarily limited to the matters raised and passed upon by the trial court.

II. The only question for our determination is, did Division Two of the criminal court of Jackson

**Recognizance:**
**Forfeiture:**
**Separate Divisions**
**of Criminal Court.**
county have jurisdiction to declare the forfeiture of said recognizance and enter final judgment thereon? It is contended by appellant that the two divisions of the Jackson County Criminal Court are separate and distinct courts, that the condition of the recognizance only required that accused should appear in Division One and that, therefore, Division Two was without jurisdiction to declare said recognizance forfeited for a failure of the accused to properly appear in Division Two.

We are unable to agree with this contention. The two divisions of said criminal court are not to be considered as two separate and distinct courts, but merely divisions of one and the same court, to-wit, the criminal court of Jackson county. [State v. Curtis, 67 Mo. App. 431; l. c. 433; 11 Cyc. 717.] This becomes very evident upon reading the act creating said court and its divisions. [See Art. 12, chap. 35, secs. 4205 to 4231 inclusive, R. S. 1909.] It will be noticed that the recognizance is not conditioned upon accused's appearance in *Division One* of said criminal court. But the condition is that he "appear *before this court* from day to day," etc. In order to give said recognizance the meaning that appellant would have us give it, we would have to write the words "Division of" before the word "court." The word "court" is used in an unrestricted sense, so far as any particular division thereof is concerned, and the proper construction to be placed thereon is that the accused was required to appear in the criminal court of Jackson county in whichever division thereof the case was properly pending at the time his presence was required. [See State v. Curtis, supra.]

It is further contended by appellant that by virtue of section 5187, Revised Statutes 1909, the order of removal or of transferring the case on change of venue from Division One to Division Two was void

and that Division Two did not thereby acquire juris-
diction of the case—this because a new recognizance
was not entered into as by said statute required.
Concerning this point, it is sufficient to say that section
5187, supra, has no application to a change of venue
taken from one division to the other of the Jackson
County Criminal Court, but that the practice concern-
ing the transfer of cases upon change of venue from
one division to the other of said criminal court is con-
trolled by section 4227, Revised Statutes 1909, the same
being a special statute applicable to such matters in
said court. [State ex rel. v. Fort, 210 Mo. 512.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WIL-
LIAMS, C., is adopted as the opinion of the court. All
the judges concur.