## EX PARTE DONALD W. ROSS, Petitioner.

In Banc, February 17, 1925.

1. **JURISDICTION: After Application for Change of Venue: Revocation of Bail and Incarceration.** The mere filing of an application for a change of venue, in proper time and form, does not deprive the court of all jurisdiction in the case except to make an order granting the application. It is the order granting the change that operates to deprive the court of jurisdiction, and a refusal to grant a change is a mere matter of error that may be waived or corrected on appeal. Consequently where two indictments charging embezzlement were pending against petitioner, and while he was at liberty on bail previously furnished he applied for change of venue, and after the applications were filed and before they were granted or disallowed, the circuit judge announced that said bail bonds were insufficient and ordered the sheriff to take charge of petitioner until sufficient surety was furnished, the petitioner is not entitled on *habeas corpus* to his discharge on the ground that the circuit judge had no jurisdiction to make this order and that the sheriff unlawfully holds him.

(1)

*Held*, by GRAVES, C. J., dissenting, with whom WOODSON, J., concurs, that, it being conceded that the applications for a change of venue were in due form and duly served, the circuit-judge, upon their filing, had but one vestige of jurisdiction left, and that was to hear and determine them, all other jurisdiction being taken from him by law, and anything done by him pending such applications was a void act, including his act vacating the bonds and making the order directing the incarceration of the petitioner, who is entitled to his liberty under the bonds previously given.

2. ———: ———: ———: **Transfer to Another Division of Circuit Court: Statute.**   Section 2633, Revised Statutes 1919, providing that where a judge of a division of the Circuit Court of the Eighth Judicial Circuit before whom a criminal case is pending is disqualified under the provisions of the change-of-venue statute, no change of venue shall be awarded, but the case shall be transferred to another division for trial, does not affect the jurisdiction of the court, after an application for a change of venue has been filed and before ruling thereon, to make an order vacating the bail bond under which the defendant is at liberty and directing the sheriff to take charge of him until sufficient surety is furnished.

*Held*, by GRAVES, C. J., dissenting, with whom WOODSON, J., concurs, that the circuit judge before whom applications for a change of venue, in due form and duly served, were pending, had no jurisdiction, after the filing of said applications, to make an order vacating existing bail bonds under which the defendant was at liberty and remanding him to jail, but was required by said statute to transfer the case to another division of the court, the existing bonds continuing in full force, and subject to forfeiture unless defendant appeared in such division.

Headnotes 1 and 2: Criminal Law: 1, 16 C. J. pars. 335, 339; 2, 16 C. J. par. 323.

## Habeas Corpus.

WRIT DENIED.

*Sigmond M. Bass* for petitioner.

*Howard Sidener* for respondent.

ATWOOD, J.—On January 13, 1925, two indictments were pending in Division No. 11 of the Circuit Court of

the City of St. Louis against Donald W. Ross, petitioner herein. He was at liberty on bail previously furnished and on this date applied for a change of venue in the cases there pending. After these applications were filed and before they were passed upon by the court, the circuit judge before whom they were pending declared that said bail bonds were insufficient and ordered that the sheriff take charge of petitioner until sufficient surety was furnished. Petitioner here claims that the circuit judge had no jurisdiction to make this order and that the sheriff unlawfully holds him.

The gist of petitioner's claim is that the mere filing of an application for a change of venue in the circuit court, in proper time and form, deprives the court of all jurisdiction in the case except to make an order granting the application. The adoption of this view would reverse a sound holding of this court to which it has consistently adhered since its organization. The holding is that it is not the application for a change of venue, but the order granting the change, which operates to deprive the original court of jurisdiction, and a refusal to grant a change of venue on a proper application is a mere matter of error that may be waived. This has always been the rule in both civil and criminal cases. [In re Drainage District v. Richardson, 227 Mo. 252; State ex rel. v. Evans, 184 Mo. 632; State v. Dusenberry, 112 Mo. 277; In the Matter of Whitson's Estate, 89 Mo. 58; State v. Daniels, 66 Mo. 192.]

If the filing in a criminal case of a proper application for a change of venue in due time operates in and of itself to deprive the court of all further jurisdiction, except to grant the change, and such application be overruled, then defendant may without further ado bide his time and if the ensuing trial results in his conviction and sentence to imprisonment he can secure his release and complete discharge on *habeas corpus* without appeal or writ of error.

If mere conformity to statutory provisions is determinative of jurisdiction in applications for change of

venue, and a trial judge, affected by undue sensitiveness on account of the charge of bias or prejudice, as is not infrequently the case, grants a change of venue on an application that does not strictly comply with the statute and which on that account should be denied, then the court or division thereof to which the cause is transferred acquires no jurisdiction and every step taken by it is *coram non judice.* Again the defendant would effect a complete discharge on *habeas corpus.*

Furtherfore, if petitioner's contention becomes the law of this State, then the passing upon an application for a change of venue in a criminal case involves in every instance a question of jurisdiction. If the original court improperly overrules the application its further proceedings are absolutely void; if it erroneously grants a change and the court to which the cause is transferred proceeds with its disposition every step it takes is *coram non judice.* The court to which the cause is transferred may not agree with the original court as to the regularity of the proceeding had for the change of venue, conclude that no jurisdiction was conferred thereby and remand it, and the cause be thus shuttled from one court to another indefinitely. It is manifest that the proposed ruling would furnish ready-made and to-hand a new and most acceptable device for use in the great game of delaying, impeding, and thwarting the enforcement of the criminal law.

It cannot be denied that there must be lodged somewhere the power to determine whether upon an application for a change of venue in a criminal cause all the provisions prescribed by the statute conferring the right have been complied with. It is equally indisputable that the statute contemplates that such power shall be exercised in the first instance by the trial court in which the cause is pending. Can it be that the court has only the power to decide one way? Such is the logic of petitioner's claim. But certainly the power to determine whether an application for a change of venue measures up to the requirements of the statute necessarily includes the pow-

er to hold that it does not, as well as the power to hold that it does. Consequently, a ruling that an application is insufficient by a court having such power, even though erroneous, is binding and conclusive on the parties and is the law of the case, unless and until reversed on appeal or error by the court having the requisite appellate jurisdiction. Even if petitioner only contends *that during the pendency of an application for a change of venue* the court has no other jurisdiction except to pass upon it, his position is unsound, because there would be an interval more or less prolonged in which no court has jurisdiction to make general orders in the cause, regardless of the emergencies that may arise. Such a hiatus in jurisdiction would be another handicap to be overcome in the administration of the criminal code. If, for example, the defendant is at liberty on bail and the security has suddenly become worthless and the court is about to act with respect thereto, its arm may be rendered powerless by the mere filing of an application for a change of venue. A construction that would produce such a result should not be put upon the change of venue statute unless imperatively required by its language. No such language has been pointed out.

Some stress seems to be put on Section 2633, Revised Statutes 1919. That section is wholly without influence in the decision of the question involved. It merely provides that when the judge of a division of the circuit court of the city of St. Louis before whom a criminal case is pending is disqualified under the provisions of the change-of-venue statute no change of venue shall be awarded, but the case shall be transferred to another division for trial.

For the reasons stated petitioner is remanded. All concur except *Graves, C. J.,* and *Woodson, J.,* who dissent; *Graves, C. J.,* in separate opinion in which *Woodson, J.,* joins.

GRAVES, C. J. (dissenting).—Petitioner claims that he is unduly deprived of his liberty. There were two

charges of embezzlement pending in respondent's court against petitioner. A year or more before Judge Calhoun, who then presided in this division of the circuit court (a criminal division of the Eighth Circuit), admitted petitioner to bond in the sum of $5,000 in each case, and approved the sureties. The evidence by way of affidavits showed two of the signers of these bonds were aggregately worth $175,000. On January 13th the petitioner filed affidavits for change of venue in each case. The Attorney-General's office concede these to be in legal form and legally served. Respondent raised some question as to the service when they were filed, but the assistant circuit attorney in the presence of the respondent acknowledged due service of the notice for the changes of venue. Respondent concedes this much in his return. Respondent continued the case until January 14th, at which time, without a hearing as to the qualification of the sureties, ruled that the bonds were insufficient in amount, and the sureties were not qualified. In his return he says some of the sureties were not qualified. By oral evidence it was shown that respondent stated that petitioner should be under $500,000 bonds, although he never had but five embezzlement charges against him. The atmosphere of that court (to say the least) is rather against petitioner. For a judge to say that a man should be under $500,000 bonds in five simple embezzlement charges does not look well.

The contention is that respondent's acts nullify his bonds (previously given and approved) were (pending the applications for change of venue) absolutely void, and in excess of his then jurisdiction (which jurisdiction had been limited by the filing of the application for change of venue) and that the present imprisonment of the petitioner is without warrant of law. In other words, that petitioner has given bonds in the two cases, and is entitled to his liberty under such bonds. There are some questions in the case that are seriously and substantially urged, which we will not discuss. For, if the orders vacating the bonds are void for lack of jurisdiction of the

court then to act, the end of the case is in sight. Courts may have general jurisdiction over causes, and yet be deprived of jurisdiction over the particular cause, by reason of some act of the court or of the lawmakers. We need not cite cases upon this question. It is too universal.

I. The law applicable to St. Louis, where there are several divisions of the court trying criminal cases, is wholly different from the law governing country circuits.

There is not a change of venue in the same sense in the two classes of courts. When there is an application to change from the judge having jurisdiction of the particular case, the law provides that upon the filing of the proper application, the judge in charge must transfer the case to another division, and says that no change of venue shall be granted. [R. S. 1919, sec. 2633.] This section, however, as thoroughly disrobes the particular judge of jurisdiction, as if he had sent it to another circuit, which under given circumstances he could do.

To be fair with respondent it should be said that he apparently acted upon the theory that he could act in the cases until he had in fact granted the change prayed for in the application. In this he was mistaken.

If a man is convicted under a void law he need not appeal, but can come here by way of *habeas corpus*. If the judgment or order is void upon the face of the record the petitioner has the same right. A thing done beyond jurisdiction is void, and is different from mere errors in judgment. The thing done without jurisdiction can always be challenged by our writ of *habeas corpus*. If these applications ousted jurisdiction, except for limited purposes (and those purposes did not cover the matter of bonds, as here) then we are dealing with a void act, because of the absence of power in the court to act, and such void acts are subject to our writ of *habeas corpus*, if the void act occasions imprisonment. The great writ of right always protects the citizen from void laws or void judgments.

II. When duly formed and served applications were filed (as is concededly so in this case) the respondent had but one vestige of jurisdiction left, and that was to hear and determine such applications. All other jurisdiction was taken from him by law. Anything done by him, pending such applications, were void acts, and if such void acts resulted in the incarceration of a citizen, his remedy is by writ of *habeas corpus*, in the hearing of which void laws and void acts are not dealt with as mere errors of judgments to be tried out upon appeal, but as void acts under which there can be no restraint of the citizen's liberty. [State v. Shipman, 93 Mo. 1. c. 157; Ex parte Bedard, 106 Mo. 616; State v. Caldwell, 245 S. W. 1. c. 628, last paragraph.] In State v. Spivey, 191 Mo. 1. c. 108, Judge Fox said:

"The application presented by the defendant in this cause was in strict conformity with the requirements of Sections 2594 and 2595. It embraces every essential requirement of the provisions of those sections, and while we recognize that almost intolerable abuses are practiced under the provisions of the law as it now stands, yet with the clear recognition by the Bench and Bar for so many years that the provisions of the statute applicable to changes of venue, on the ground of the prejudice of the trial judge, are imperative, we see no escape from the conclusion that the application in this case was in proper form and should have been granted. Emphasizing the correctness of this conclusion, we find the same learned judge who decided the Freleigh case, at a much later period, announcing that the provisions of the statute upon this subject in 1879, which is substantially the same as the present statute, were imperative. In State v. Greenwade, 72 Mo. 1. c. 304, NAPTON, J., speaking for the court, in discussing this question said: 'There have been great fluctuations in our legislation on this subject. At one time, in 1873, the whole matter was left to the discretion of the judge, but subsequently the law, as it now stands, is quite imperative, and requires the election of a special judge.' In State v. Shipman, 93 Mo. 147, in

treating Sections 1877 and 1878, Revised Statutes 1879, it was ruled that 'when the affidavits and application made and filed by the defendant conform to the requirements of said sections of the statute, it becomes the duty of the presiding judge to hear such application, and immediately thereafter, by an order of record, to empower the members of the bar present, to the number of three or more, duly enrolled in said court and licensed attorneys of the State, and not of counsel in this case, to proceed to the election of a special judge for the trial of the particular cause pending, or to decide defendant's application for a change of venue, etc., as provided by said Section 1878,' etc. It was further announced in that case, emphasizing the views of this court, that the provisions of the statute were quite imperative. It was said: 'Upon the making and filing of said affidavits and application, the presiding judge has no power or authority to act in the cause, except to make the order contemplated in Section 1878. After that, his subsequent acts in the case were unauthorized, invalid, and without any binding force, as against this defendant.' It will be observed that the provisions of the present statute upon which this application is based are substantially the same as those treated in the Greenwade and Shipman cases, with the exception of some changes made in respect to the selection of special judge.''

In addition to the statute which we have cited, supra, we call special attention to a case from Kansas City (written by Williams, C.) wherein it was ruled that the several divisions of the circuit court constituted but one court. Here the transfer was made without new bond and the sureties tried to evade payment of the bond. This court held them liable, as would be the present sureties of Ross, should he fail to appear in a division to which his cause should be sent by respondent. [State v. Travers, 177 S. W. 370.] The rule is so firmly fixed that this case was not even officially published.

III. When these valid applications were filed, the respondent was without jurisdiction to interfere with

Sanitary Company v. Laclede County.

previously approved bonds. His jurisdiction was limited as we have indicated. His act of vacating and setting aside the bonds and putting respondent in jail was a void act. Petitioner is entitled to his liberty under the previous bonds, and these bonds are good in whatever division of the court petitioner is forced to respond. Under the Kansas City case, supra, if he fails to appear his bondsmen are liable. We shall not discuss other questions. This petitioner is entitled to release, because he has up good and sufficient bonds. I so vote.

For these reasons I dissent from the majority opinion. *Woodson, J.*, concurs in these views.