Ex parte GEORGE C. THOMPSON, Petitioner, v. J. M. SANDERS, Warden.—70 S. W. (2d) 1051.

Court en Banc, April 18, 1934.

*Irwin & Bushman, H. M. Atwell* and *Harry L. Buchanan* for petitioner.

*Wm. O. Sawyers* for respondent.

FRANK, J.—*Habeas Corpus:* Petitioner was found guilty of murder in the first degree by a jury in the Circuit Court of Miller County, and sentenced to life imprisonment in the State penitentiary where he is now confined. He seeks to be discharged from said imprisonment by *habeas corpus.* The petition for the writ alleges in substance, that the judgment and sentence under which petitioner is imprisoned is illegal and void for the following reasons: that the Circuit Court of Miller County was without jurisdiction to hear and determine said cause or render judgment and sentence therein for the reason that on March 5, 1934, before the trial started, and before the jury was sworn, defendant filed a petition verified by his oath, alleging therein that he could not have a fair and impartial trial of said cause in said court for the reason that Honorable Nike G. Sevier, judge of said court, was so biased and prejudiced against him that he would not

afford him a fair trial; that said application was supported by the affidavit of two reputable citizens of Miller County, to-wit: F. E. Agee and C. R. Yarter, who, upon their oaths stated that said judge was biased and prejudiced against defendant and that he would not accord said defendant a fair and impartial trial; that said application prayed that another judge be substituted to try said cause in Miller County; that on March 5, 1934, the same day said application was filed, said court entered of record the following order:

"Comes now defendant by his attorneys and files application and affidavit for change of venue from the judge in above entitled cause. Whereupon the court at once taking up said application and after hearing the argument of counsel and after being fully advised of and concerning the premises, doth overrule said application for change of venue."

The petition for the writ further alleges that the judgment and sentence under which petitioner was and now is imprisoned is void for the reason that said judgment and sentence was rendered on Sunday, March 11, 1934. Other reasons are alleged as grounds for petitioner's discharge, but, in our view of the case, a proper determination of the grounds mentioned will necessarily dispose of the case.

Upon the filing of the petition for the writ, our writ issued directed to J. M. Sanders, warden of the State penitentiary where petitioner is imprisoned. Said warden made return to the writ, alleging therein, in substance, that he held petitioner in custody by virtue and authority of a commitment issued by the Circuit Court of Miller County, an original copy of which was attached to said return. Petitioner filed answer to said return admitting the facts alleged in the return, and further pleading that the judgment of the Circuit Court of Miller County upon which said commitment was issued is void and of no effect for the reasons stated in the petition for the writ, which said reasons are specifically alleged in the answer to said return.

Section 3648, Revised Statutes 1929, provides that, "When any indictment or criminal prosecution shall be pending in any circuit court or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause in either of the following cases; . . . or, fourth, when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial."

In such event Section 3649, Revised Statutes 1929, provides for the election of a special judge, and Section 3651 provides for the designation of the judge of another circuit or criminal court to try the cause, when no special judge is elected, or, when elected, the special judge fails to qualify.

Petitioner contends that the filing of his affidavit, supported by

the affidavit of two reputable persons, not of kin to or counsel for defendant charging that the judge of the Circuit Court of Miller County was so biased and prejudiced against him that he would not afford him a fair trial, rendered said judge incompetent to act further in the case, except to direct the substitution of another judge.

In a *habeas corpus* proceeding the return to the writ is the first pleading. The issues in such a proceeding are made up by the return to the writ and petitioner's answer to said return. The return to the writ being the first pleading, the facts set out in the return are to be taken as true, and accepted as the ultimate facts in the case, unless such facts are denied, or their effect avoided by some appropriate pleading. [State ex rel. Shartel v. Skinker. 325 Mo. 955, 25 S. W. (2d) 472, 476, and cases cited.] Section 1453, Revised Statutes 1929, provides that, "The party brought before any court or magistrate, by virtue of any writ of *habeas corpus,* may deny the material facts set forth in the return, or allege any fact to show, either that his detention or imprisonment is unlawful, or that he is entitled to his discharge. . . ." In the instant case, the warden of the penitentiary against whom the writ was directed, made return to the writ alleging therein, in substance, that he held petitioner in custody by virtue of a commitment issued by the Circuit Court of Miller County. In answer to the return to the writ petitioner admitted that respondent, as warden of the penitentiary, held him in custody by virtue of a judgment, sentence and commitment of the Circuit Court of Miller County, but further alleged that said judgment, sentence and commitment were void and of no effect for the following reasons: (1) because the affidavits filed in said circuit court charging that the judge of said court was so biased and prejudiced against defendant that he would not afford him a fair trial, rendered said judge incompetent to hear and determine said cause, and divested him of jurisdiction to take any further action therein except to make an order directing the substitution of another judge to try said cause in Miller County, and (2) because the verdict in said cause was rendered, and the judgment and sentence therein pronounced on Sunday March 11, 1934.

It is conceded in the pleading of both parties that petitioner is held in custody by virtue of a commitment issued by the Circuit Court of Miller County. This conceded fact shows prima facie that petitioner was and now is lawfully imprisoned. To entitle petitioner to a discharge from such imprisonment on *habeas corpus,* it was incumbent upon him to plead and prove a state of facts that would avoid the effect of the commitment under which he is held. The rule in this behalf is thus stated, in 29 Corpus Juris, 166:

"Where a prima facie case is made out by the return, the burden is on the petitioner to prove all facts necessary to show that the imprisonment or restraint is illegal. The allegations of the traverse

must be supported by evidence. The facts stated in the return, are prima facie, presumed to be true, and the burden of proof is on the petitioner or relator to show the contrary by allegation and proof.''

In order to avoid the effect of the commitment under which he is imprisoned, petitioner did plead in his answer to the return to the writ that the judge of the circuit court was rendered incompetent and was divested of jurisdiction to hear and determine the cause pending against him in that court, by the filing of certain disqualifying affidavits as heretofore pointed out. At the hearing of the *habeas corpus* proceeding in this court, it was conceded by all parties that such affidavits were filed in the circuit court. So the question to be determined is whether or not the filing of such affidavits divested the circuit court of jurisdiction to hear and determine said cause. If so, petitioner's trial, conviction and imprisonment are illegal and void because had without jurisdiction.

Section 3649, Revised Statutes 1929, provides, in substance, that whenever in any criminal cause, the defendant shall make application under oath, and supported by the affidavit of two or more reputable persons, not of kin or counsel for defendant that the judge of the court in which said cause is pending will not afford defendant a fair trial, *it shall be lawful for the judge to hear and determine such application.*

Without doubt this statute gives circuit courts jurisdiction to hear and determine such an application for change of venue (so-called). Jurisdiction to hear and determine a question necessarily does not mean jurisdiction to decide it only one way. While a judge has no authority to pass upon his own qualifications when such an application for change of venue is filed, the judge before whom it is filed has jurisdiction to determine whether said application is in due form, and due time. The order granting a change of venue and not the filing of the application therefor is the thing which divests the court of jurisdiction. We are not without authority on this question. In the case of In re Drainage District v. Richardson, 227 Mo. 252, 260, 126 S. W. 1021, this court speaking through VALLIANT, J., quoted approvingly from an earlier case the following:

''The room for the exercise of discretion in the trial judge on an application for a change of venue is sometimes very narrow. If the application is in due form and in due time, his duty to grant the change in a certain class of cases is imperative, but still it is for him, at least, to say that the application is or is not in due form or in due time, and although he may err in his judgment, yet his jurisdiction is not thereby ended.''

The same case further says: ''The application for a change of venue does not affect the jurisdiction of the court, it is only when

the court makes an order transferring the cause to another court that the original court loses its jurisdiction.''

In the case of Ex parte Ross, 307 Mo. 1, 4, 269 S. W. 380, this court en banc said:

''It cannot be denied that there must be lodged somewhere the power to determine whether upon an application for a change of venue in a criminal cause all the provisions prescribed by the statute conferring the right have been complied with. It is equally indisputable that the statute contemplates that such power shall be exercised in the first instance by the trial court in which the cause is pending. Can it be that the court has only the power to decide one way? Such is the logic of petitioner's claim. But certainly the power to determine whether an application for a change of venue measures up to the requirements of the statute necessarily includes the power to hold that it does not, as well as the power to hold that it does. Consequently, a ruling that an application is insufficient by a court having such power, even though erroneous, is binding and conclusive on the parties and is the law of the case, unless and until reversed on appeal or error by the court having the requisite appellate jurisdiction.''

Again in the recent case of State v. Creighton, 330 Mo. 1176, 52 S. W. (2d) 556, 562-3, Division No. Two of this court said:

''It has often been held a trial judge cannot pass upon his own prejudice, and that the filing of a properly drawn application for change of venue (so-called) charging such prejudice disqualifies him except to direct the substitution of another judge. [State v. Myers, 322 Mo. 48, 51, 14 S. W. (2d) 447.] On the other hand, the mere filing of the application does not deprive the court of jurisdiction, which latter continues until an order is made transferring the cause. In the exercise of that jurisdiction, it is the duty of the court to determine whether the application is in due form and due time.''

The trial judge made a general order overruling petitioner's application for change of venue without specifying any reason therefor. In view of the presumption of right action upon the part of the trial court until the contrary is made to appear, we must presume that he acted within his jurisdiction and overruled the application on the ground that it was not in due form and due time. If his act in so doing was erroneous, it was an error in the exercise of jurisdiction and not a want of jurisdiction. The general rule of law is that mere error may be corrected on appeal or writ of error but it furnishes no ground for *habeas corpus.*

The disqualifying affidavits were in due form and in due time, and their filing rendered the judge incompetent to hear and try said cause on its merits. Respondent does not dispute this fact but contends that the trial judge had jurisdiction to determine the form, sufficiency and timeliness of the disqualifying affidavits, and his error,

if any, in overruling the application for change of venue cannot be reached except by appeal or writ of error. There is no doubt but what the rule contended for by respondent is the general rule, but that rule does not govern this case because of the manner in which the case was presented.

Petitioner, in his answer to the return to the writ alleged a state of facts showing that the disqualifying affidavits were in due form and were filed in due time, and pleaded that the filing of such affidavits divested the court of jurisdiction to try the case on its merits, and for that reason the judgment and sentence rendered therein is void and subject to collateral attack because rendered without jurisdiction. If this answer did not state facts which we had a right to consider on *habeas corpus*, and which, if true, would render the commitment under which petitioner is held null and void, then the respondent was entitled to judgment on the pleadings. However, the sufficiency of this answer to the return was not questioned by motion for judgment on the pleadings or otherwise. Likewise when certified copies of the disqualifying affidavits were tendered for the court's consideration, no objection was made as to their form or timeliness or to the right of the court to consider them. Moreover, respondent's counsel, with commendable frankness, admitted, in oral argument, that if the case against petitioner were here on appeal it would be reversed and remanded because of the action of the court in overruling the application for a change of venue. Such admission amounted, in effect, to a concession that the disqualifying affidavits were in due form and time and rendered the trial judge incompetent and without jurisdiction to try the case against petitioner. As we view the record, this case was presented as though the question of the trial court's jurisdiction to hear and determine the case against petitioner was an issue to be determined. At least, the manner in which the case was presented, justifies us in determining that question.

We find that the affidavits filed by petitioner prior to his trial in the circuit court were sufficient in form and substance and were filed in due time. By express provision of the statute the filing of such affidavits rendered the trial judge incompetent to try and determine said cause. The trial court being without jurisdiction to hear and determine the cause, the judgment and sentence rendered therein are void and subject to collateral attack. Petitioner's imprisonment being under a commitment based upon a void judgment and sentence, is illegal and he is entitled to be discharged therefrom on *habeas corpus*.

■ There is another reason why the judgment under which petitioner is imprisoned is absolutely void. It was rendered on Sunday. Our statute, Section 1863, Revised Statutes 1929, provides that no court shall transact any business on Sunday except to receive a verdict or discharge a jury. This statute reads as follows:

"No court shall be open or transact business on Sunday, unless

it be for the purpose of receiving a verdict or discharging a jury; and every adjournment of a court on Saturday shall always be to some other day than Sunday, except such adjournment as may be made after a cause has been committed to a jury." [See, also, State v. Gould, 261 Mo. 694, 170 S. W. 868; State v. Crisp, 126 Mo. 605, 29 S. W. 699; State v. Wilson, 121 Mo. 434, 26 S. W. 357.]

However, the invalidity of a judgment and sentence because rendered on Sunday would not affect a valid verdict. If the verdict were valid we would remand petitioner to the custody of the Sheriff of Miller County to be sentenced in accordance with the verdict. But as the trial, verdict and judgment are void for want of jurisdiction in the trial court to hear and determine the cause, said cause stands on the docket of the Circuit Court of Miller County as though it had not been tried. A void trial is no trial. It is therefore ordered that petitioner be and he hereby is discharged from imprisonment in the penitentiary, and remanded to the custody of the Sheriff of Miller County to be dealt with as provided by law and not inconsistent with this opinion. All concur, except *Ellison* and *Hays, JJ.*, absent.