## THE STATE v. SHIPMAN, *Appellant.*

1. **Practice, Criminal:** APPLICATION FOR CHANGE OF VENUE : ELECTION OF SPECIAL JUDGE. Whenever a defendant, in a criminal cause, makes application, supported by affidavit, as required by Revised Statutes, sections 1877, 1878, for a change of venue, because of the prejudice of the trial judge against him, it becomes the duty of such judge to order the election of a special judge for the trial of the cause, as provided by section 1878.

2. —— : —— : ——. The application and affidavits made and filed by defendant in this case held to be in substantial conformity to the requirements of Revised Statutes, sections 1877, 1878.

3. —— : —— : SPECIAL JUDGE, DISQUALIFICATION OF. A special judge, elected to hold a term of court, on account of the illness and absence of the regular judge, is a judge within the meaning of section 1878, and, in like circumstances, is equally incompetent as the regular judge of the court.

4. —— : —— : ——. After the making and filing of the application and affidavits, as required by section 1878, the presiding judge has no power or authority to act in the cause, except to make the order for the election of a special judge, and any other act, or order, of his in the cause is invalid, and without any binding force, as against the defendant.

*Appeal from Newton Circuit Court.*—L. M. LLOYD, ESQ., Special Judge.

REVERSED AND REMANDED.

*M. E. Benton* and *George Hubbert* for appellant filed no brief.

*B. G. Boone,* Attorney General, for the state.

(1) The application for a change of venue, on account of the prejudice of the judge, was not supported by affidavits, as required by law, and was properly overruled. R. S., sec. 1877. A change of trial judges,

on account of alleged prejudice, can only be made by complying with the provisions of section 1877, *supra*. *State v. Brownfield*, 83 Mo. 448. (2) The court did not err in refusing to permit appellant to withdraw his plea of guilty. In the absence of anything showing that there was an abuse of discretion, the presumption will always be in favor of the rulings of trial courts. *Pattee v. State*, 8 West. Rep. 41; *State v. Sullivan*, 51 Mo. 522; *State v. Brown*, 75 Mo. 317; *State v. Tucker*, 84 Mo. 23. Trial courts are only required to permit the withdrawal of pleas of guilty when it appears, from the record, that something has been said or done by the judge, or prosecution, to mislead the defendant. *State v. Stephens*, 71 Mo. 535. There is nothing in this case to indicate that defendant did not act freely and voluntarily in entering the plea of guilty. (3) Appellant's motion to set aside his plea of guilty is without any real merit, as an examination of the same will show.

RAY, J.—This case has an unusual and somewhat peculiar history. There is no brief on file for the defendant, and, we learn from that of the attorney general, on behalf of the state, that the defendant is now in the penitentiary. It appears, from the record, that, on the first day of the February term of the Newton circuit court for the year 1883, there were present at the place of holding said court some twelve members of the bar of said court, besides the prosecuting attorney of said county, as well as the clerk of said court and the sheriff of said county. It also appears that the regular judge of said court, on account of ill health, was unable to appear and hold said term of court, and had not procured any other circuit judge to hold the same, whereupon, it also appears, that Lewis M. Lloyd, a duly qualified attorney of said court, was, by the other attorneys of said court, then present, duly elected special judge, to hold said term of court, then to begin; whereupon, said

Lloyd duly qualified as such judge, took the bench, and proceeded with the business of said term. R. S., 1879, secs. 1106, 1107.

At this term of said court, so organized and held, the defendant, C. C. Shipman, was indicted for murder in the first degree, for shooting and killing one James H. Tiffee. To this indictment, the defendant, on being arraigned, pleaded not guilty. He then filed a motion and supplemental motion for a continuance, which were overruled by the court. He then filed an application and affidavit for a change of venue in said cause, on the ground "that the minds of the inhabitants of Newton county were so prejudiced against him that he could not have a fair and impartial trial in said county." Pending the hearing of this latter application, the prosecuting attorney and defendant's counsel, believing that the trial of said cause could not be completed before the approaching end of said term of said court, "agreed that the case be adjourned to the seventh day of May, 1883, to which time, it was then understood, the February term of said court would be adjourned, and that defendant would withdraw said application for change of venue; whereupon defendant's attorney with-drew said application for change of venue, and also said application for a continuance. After which it was accordingly ordered by the court that court adjourn until Monday, the seventh day of May next."

At the meeting of said court, on the seventh of May, 1883, according to said adjournment, the record further shows that said L. M. Lloyd, on account of the continued illness and inability of said circuit judge to hold said adjourned term of said court, was again, in like manner, duly elected and qualified, as special judge, to hold said adjourned term of said court, and thereupon took the bench and proceeded with the business of said term. At the request of the defendant, the court appointed George Hubbert and M. E. Benton as his counsel

in this case. Afterwards, on the ninth of May, when the case was called for trial, the defendant answered that he was not ready for trial. The court then asked defendant and his counsel if defendant desired to make application for a continuance, in answer to which defendant's counsel said: "We have no further or written application for continuance to make. The facts in this case are well known to prosecuting attorney and to court;" whereupon the court ordered the clerk to issue a *venire* for a jury of forty men. Afterwards, on the same day, and while said *venire* was in the hands of the sheriff, and while the sheriff and his bailiffs were summoning said jury, defendant filed objection and affidavit for change of venue, as follows:

"Comes now the defendants, who make application under their oaths, and supported by the affidavits herewith filed, for a change of venue of the cause, from this, to some other court of competent jurisdiction, for the reasons following, viz., the present judge of this court, L. M. Lloyd, will not afford defendant a fair trial.

[Signed.]    "C. C. SHIPMAN, Defendant,

"By BENTON & HUBBERT, Att'ys."

"State of Missouri, ⎱
                      ⎰ ss
"County of Newton. ⎰

"C. C. Shipman, being duly sworn on his oath says that the special judge of the circuit court of Newton county, now in session, and in which there is now pending an indictment against affiant for murder of one Tiffee, will not afford affiant a fair trial of the said cause.

[Signed.]                    "C. C. SHIPMAN.

"Sworn to and subscribed before me this ninth day of May, A. D., 1883. James E. Hinton, Clerk, by Barton J. Morrow, Deputy."

"H. Q. Collins and W. M. White, being duly sworn, on their oaths, say they are not of kin to or

counsel for defendant, C. C. Shipman, and that the affidavit of the said defendant, above written, is true, to the best of affiants' knowledge and belief.

[Signed.]        "H. Q. COLLINS, W. M. WHITE.

"Sworn to and subscribed before me this ninth day of May, 1883. James E. Hinton, Clerk, by Barton J. Morrow, Dep."

And, afterwards, on same day, and while said *venire* was in the hands of the sheriff, and while said sheriff and his bailiffs were summoning said jury, the defendant filed his affidavit against the sheriff, to the effect, praying the court to issue no *venire* in the cause; nor to permit the same to be executed by said sheriff, or any of his bailiffs, on the ground that said sheriff and deputies were all prejudiced against him, and would not fairly or impartially summon a jury for the trial of defendant. And, afterwards, on the tenth day of May, the defendant (without waiving or withdrawing his objections to the present presiding special judge of this court, trying an issue, or hearing any matter touching this case) challenges the array and moves the court to quash the *venire*, heretofore issued, and the return thereon, for the reason, that, immediately upon the intimation of the court that the cause would proceed to trial and that a *venire* would issue, he prepared and filed his affidavit, that the judge of said court would not afford him a fair trial, and also an affidavit that the sheriff and deputies were prejudiced against defendant, and would not fairly or impartially summon said *venire* for the trial of defendant.

Afterwards, on the twelfth of May, the prosecuting attorney filed a counter-affidavit of H. Q. Collins, as to prejudice of the judge, to the effect that he did not intend, by his former affidavit, and does not now intend, thereby to say that he believes that said special judge would not afford said defendant a fair trial; and that

he thereby wanted to say that he believed said Shipman had such an opinion of the judge. And, thereupon, on same day, defendant filed the following affidavit of Wm. A. Sitter : "William A. Sitter, being duly sworn, on his oath says, that he is not of kin, or counsel for defendant, C. C. Shipman, and that he has read the affidavit of C. C. Shipman, made against the special judge, in this cause, and that he verily believes the facts stated in said affidavit are true, to the best of his knowledge and belief.

[Signed.]                    "WILLIAM A. SITTER."

Which was duly sworn to ; and, afterwards, on the same day, the court overruled defendant's application for change of venue, to which ruling of the court, the defendant then and there excepted ; and afterwards, on the same day, the court called the defendant's challenge to the array, and motion to quash panel, whereupon defendant announced to the court that, "we do not propose to argue the motion to quash the array of jurors, before this court, as now organized. The defendant objects to this court taking any further action, in the case, with the present judge on the bench ; we stand upon our affidavits." Whereupon the court overruled defendant's challenge to the array, and motion to quash *venire* and panel, to which ruling of the court, the defendant then and there excepted.

Afterwards, on the same day, the sheriff returned into court the *venire* for a jury of forty men, also talesmen, until a jury of forty men, thus summoned, were, by the court, on their "*voir dire*," duly examined and adjudged by the court as competent and qualified jurors. Afterwards, on the fourteenth of May, defendant filed his challenge to the array, and motion to quash panel, as fully made up, which motion was sworn to by defendant, and is to the effect following : " Still protesting that L. M. Lloyd, Esq., should not act as judge in this cause, defendant comes and challenges the array, and moves

The State v. Shipman.

the court to quash the panel in this cause for the following reasons:

"1. Because said panel, so summoned and returned, was upon a void order of said presiding judge.

"2. That said presiding judge had no power or authority to empanel same.

"3. Because defendant protests against the court, as now organized, proceeding with the trial, for the reasons before stated."

This challenge to the array and motion to quash was, thereupon, overruled by the court, and exceptions thereto duly saved. Afterwards defendant filed motion to quash indictment as follows:

"Still protesting that L. M. Lloyd, Esq., is not competent to act as judge, as to any issue or question, in this case, comes the defendant and moves the court to quash the indictment against defendant herein, upon the grounds following:

"1. The same does not state any facts, constituting an offence against defendant, who is charged therein with assaulting one Tiffee, and with murdering him, but without setting out any act of defendant, by which the same was accomplished.

"2. The same does not charge that defendant gave any stroke, or shot, or inflicted any wounds, by which the death of Tiffee was caused.

"3. The wound of which Tiffee died was inflicted by himself, and not by defendant."

This motion was, by the court, on the same day, overruled, to which ruling of the court, the defendant, at the time, excepted. Afterwards, on same day, in his own proper person, as well as by his attorney, M. E. Benton, announced to the court, that defendant desired to withdraw his plea of not guilty, heretofore entered in this cause, to which desire and request of defendant, the court assented and permitted defendant to withdraw his plea of not guilty. Afterwards, on same day, de-

fendant, in his own proper person, as well as by his said attorney, M. E. Benton, announced to the court that defendant desired that he might be permitted to enter a plea of guilty to murder in the second degree, to which desire and request of defendant and his said attorney the court assented, and permitted defendant to enter his plea of guilty to murder in the second degree. Thereupon the court assessed his punishment at imprisonment in the penitentiary for a period of ninety-nine years and there was judgment accordingly. The panel of forty jurors who had been empaneled and qualified in the cause were all discharged.

Afterwards, on the same day, defendant, by his attorney, George Hubbert, filed motion to withdraw defendant's plea of guilty and to enter a plea of not guilty, for the reasons therein stated ; which motion was supported by the accompanying affidavits of said defendant and said attorney. The substance of defendant's motion and affidavit was to the effect, that, in withdrawing his original plea of not guilty, and substituting that of guilty of murder in the second degree, he was coerced and constrained by an overwhelming apprehension that he was to be sacrificed, whatever the evidence might be, if tried before the court, as then organized, and by a jury summoned as this had been ; and not from any sense of guilt, or the weight of evidence against him ; that he is not guilty of the offence charged ; that said plea of guilty was extorted and forced from him, by duress and terror, and the threatening circumstances surrounding him at the time ; that he was advised, by his counsel, that the trial then coming on, under the circumstances, was certain to result in conviction, and probably in the first degree ; and with the sole object of saving himself from unjust and extreme punishment, he filed said plea of guilty ; and that he would not have done so, if he could have

had any reasonable assurance of having a fair trial, before an unprejudiced court and jury.

The substance of the affidavit of defendant's said counsel was to the effect that it is true ; that, on the coming of the jury, in said cause, he did advise defendant that he was satisfied that, under the circumstances, a trial now in said court, before the jury impaneled, would be certain conviction, and probably in the first degree ; but it was affiant's opinion that the Supreme Court ought not to sustain a conviction under such circumstances ; that he was not present in court when said plea of guilty was filed, and knew nothing about it, until it was over ; that, upon his return to court, he enquired of defendant why he had done so, and he gave, in substance, what was embodied in his affidavit and motion to set aside the plea of guilty, above set out. Affiant then stated to defendant his views of the legal aspects of his case and the illegality of said proceedings, and that he prepared said motion at defendant's request.

Afterwards, on same day, the court overruled defendant's motion to withdraw his plea of guilty to, which action of the court, defendant at the time excepted. The defendant thereupon filed his motion in arrest of the judgment, for the following reasons :

" 1. This court, as constituted with the present presiding judge, has no jurisdiction to proceed and enter judgment, because of the affidavits of defendant and sustaining witnesses, heretofore filed herein, showing that defendant could not have a fair trial herein.

"2. The court, as organized, as aforesaid, had no jurisdiction to proceed in the cause, or find defendant guilty, upon plea, or verdict, after the date of filing of said affidavits.

" 3. The court has no authority to enter judgment against defendant over the motion for new trial and supporting affidavits.

" 4. The indictment herein is insufficient in law,

and will not sustain such judgment, and, upon examina-
tion of the record in this cause, judgment thereon
should be for the defendant."

The motion in arrest was then overruled by the
court, to which ruling of the court defendant at the
time excepted. From this judgment, the defendant duly
appealed to this court, and the case is now before us, on
the foregoing record, for review.

The disposition of the case depends, we think, upon
the proper construction of sections 1877 and 1878, Re-
vised Statutes, 1879, as applied to the facts of the
record now before us. Section 1877 provides that:
"When any indictment or criminal prosecution shall be
pending in any circuit or criminal court, the judge of
said court shall be deemed incompetent to hear and try
said cause in either of the following cases: * * *
fourth, when the defendant shall make and file an
affidavit, supported by the affidavit of, at least, two re-
putable persons, not of kin to, or counsel for, the de-
fendant, that the judge of the court in which said cause
is pending will not afford him a fair trial, or will not
impartially decide his application for a change of venue
on account of the prejudice of the inhabitants of the
county or circuit."

Section 1878 provides: "Whenever, in any cause,
the defendant shall make application, by petition under
the oath and supported by the affidavit of two or more
reputable persons not of kin, or counsel for defendant,
for a change of venue, for any of the reasons stated in
the next preceding section, it shall be lawful for the judge
to hear such application, and immediately thereafter,
by an order of record, to empower the members of the
bar present, to the number of three or more, duly en-
rolled in said court, and licensed attorneys of this state,
and not of counsel in the case, to proceed to the election
of a special judge for the trial of the particular cause
pending, or to decide defendant's application for a

change of venue," etc, the remainder of the section not being material to the question before us.

These provisions of the statute, when applied to the facts of the record now before us, show very clearly, we think, that the presiding judge in question, upon the making and filing by defendant of the affidavits and application mentioned and required by said sections 1877 and 1878, became, and was thereafter, incompetent to hear and try said cause in question. When the affidavits and application made and filed by the defendant conform to the requirements of said sections of the statute, it becomes the duty of the presiding judge to hear such application, and immediately thereafter, by an order of record, to empower the members of the bar present, to the number of three or more, duly enrolled in said court and licensed attorneys of the state, and not of counsel in the case, to proceed to the election of a special judge for the trial of the particular cause pending, or to decide defendant's application for a change of venue, etc., as provided by said section 1878, etc.

We are further of opinion that the affidavits and application made and filed by this defendant, as shown by this record, are in substantial conformity to the requirements of said sections of the statute. We also hold that a presiding judge, duly elected and qualified, as the record shows this one to have been, is a judge, within the meaning of said section 1878, and equally incompetent as the regular judge of said court in like circumstances. Upon the making and filing of said affidavits and application, the presiding judge has no power or authority to act in the cause, except to make the order contemplated in section 1878. After that, his subsequent acts in the case were unauthorized, invalid, and without any binding force, as against this defendant.

For these reasons, the judgment of the circuit court

is reversed, and the cause remanded for further trial. All concur; Norton, C. J., in a separate opinion.

NORTON, C. J., CONCURRING.—I place my concurrence in the conclusion arrived at in the opinion, upon the distinct ground that, under the circumstances of the case disclosed by the record, the trial court ought to have sustained defendant's motion to withdraw his plea of guilty and enter a plea of not guilty.