STATE OF MISSOURI, Respondent, v. MOLLIE THOMAS, Appellant.

## Kansas City Court of Appeals, October 29, 1888.

**Practice :** CHANGE OF VENUE: DUTY OF COURT CONCERNING : CASE ADJUDGED. Where, in the case of an application for change of venue, the application and affidavits were in substantial conformity with the requirements of the statute (R. S., secs. 1879, 1878), it was the duty of the circuit judge to hear the application, "and immediately thereafter, by an order of record, to empower the members of the bar present, to the number of three or more, duly enrolled in said court and licensed attorneys of the state, and not of counsel in the case, to proceed to the election of a special judge for the trial" of this case. And it was error for the circuit judge not to order such election ; and it was error to proceed with the trial after ,overruling the application for a change of venue. (*State v. Shipman*, 93 Mo. 157).

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*T. B. Haughawout* and *J. W. McAntire,* for the appellant.

*B. G. Boone,* Attorney General, for the State.

HALL, J.—The defendant was indicted for a misdemeanor. When the case was called for trial, the state announced ready for trial, and the defendant announced that she was not ready for trial, and asked that the case stand over until the succeeding day, which the court refused, and a jury was ordered and sworn to answer questions.

The defendant asked to be allowed time to prepare and file an application for a continuance, and time was allowed defendant for that purpose ; thereupon the

defendant had prepared and filed the following application, affidavits and notice:

"State of Missouri )
        vs.       }
"Mollie  Thomas. )

"Comes now the defendant and after being duly sworn on her oath says, she believes she cannot have a fair and impartial trial in the above trial before M. G. McGregor, judge of this court, on account of the bias and prejudice of said judge against her and that said judge will not afford her a fair trial ; that the knowledge of the said prejudice came to defendant on the thirteenth day of October, 1887.

"[Signed]                MOLLIE THOMAS.

"State of Missouri, )
                      } ss.
"County of Jasper.  )

"Mollie Thomas the above-named defendant, on her oath says that the facts set forth in the foregoing application are true to the best of her knowledge and belief, and that the defendant believes that she cannot have a fair and impartial trial in this cause on account of the bias and prejudice of M. G. McGregor, judge of this court, against her.

"[Signed]                MOLLIE THOMAS.

"Subscribed and sworn to before me this thirteenth day of October, 1887.

"[Signed]          B. F. HACKNEY, Clerk.

"State of Missouri, )
                      }
"County of Jasper.  )

"George Simpson and Charles Alstead, each being duly sworn on their oath say that they are neither of kin or counsel to the defendant, Mollie Thomas, and that M. G. McGregor, the judge of the court in which the cause is pending, will not afford the defendant a fair trial on account of the bias and prejudice of said judge against defendant.

"[Signed]          GEORGE SIMPSON,
          "CHARLES L. ALSTEAD.

"Subscribed and sworn to before me this thirteenth day of October, 1887.

"B. F. HACKNEY, Clerk.

"In the circuit court of Jasper county, September term, 1887.

"State of Missouri }
      *vs.*
"Mollie Thomas. }

"To W. M. Robinson, prosecuting attorney, of Jasper county: You are hereby notified that the defendant will, on the thirteenth day of October, 1887, apply for a change of venue from M. G. McGregor, judge of said court, on account of his bias and prejudice against the defendant.

"[Signed]        T. B. HAUGHAWOUT,

"J. W. McANTIRE,

"Att'ys. for Dft."

The court overruled this said application for a change of venue and proceeded to try the case, with the result of the defendant's conviction. The defendant has appealed to this court.

The application and affidavits in this case were in substantial conformity with the requirements of sections 1877 and 1878, Revised Statutes. *State v. Shipman*, 93 Mo. 157. Such being the case, it was the duty of the circuit judge to hear the application "and immediately thereafter, by an order of record, to empower the members of the bar present, to the number of three or more, duly enrolled in said court and licensed attorneys of the state, and not of counsel in the case, to proceed to the election of a special judge for the trial" of this case. *Id.* It was error for the circuit judge not to order such election and to proceed with the trial of the case.

For this reason the judgment is reversed and the cause is remanded. All concur.