THE STATE v. ROY T. MYERS, Appellant.—14 S. W. (2d) 447.

Division Two, March 2, 1929.

*Reed, Holmes & Taylor, L. W. Reed, John H. Taylor, Paul D. Kitt* and *Philip J. Fowler* for appellant.

*North T. Gentry,* Attorney-General, and *David P. Janes,* Assistant Attorney-General, for respondent.

HENWOOD, C.—By an information filed in the Circuit Court of Scotland County, the defendant, Roy T. Myers, was charged (under Sec. 3365, R. S. 1919) with receiving a deposit of $402 in the Citizens Trust Company of Gorin, Missouri, while acting as treasurer of said trust company, and with knowledge that it was then insolvent and in failing circumstances. The venue was changed to the Circuit Court of Adair County, where he was found guilty and his punishment assessed at imprisonment in the penitentiary for five years. He was sentenced accordingly, and appealed. The case comes to the writer of this opinion upon reassignment, following a rehearing in this court.

The original information was filed on November 9, 1925, and, on the same day, a change of venue was granted to the Circuit Court of Adair County, upon the joint application of the prosecuting attorney and the defendant, and upon their agreement that the defendant could not have a fair and impartial trial in the counties of Scotland, Clark and Schuyler, comprising the 37th Judicial Circuit, because of the bias and prejudice of the inhabitants of said counties against the defendant. On January 20, 1926, an amended information was filed in the Circuit Court of Adair County, and, thereafter, the case was continued, from time to time, by agreement of counsel and by the court of its own motion, until July 10, 1926, at which time it was again continued until August 25, 1926, upon the application of the defendant. On August 25, 1926, the defendant's application for another continuance and his motion to quash the amended information were overruled, and, thereupon, the defendant filed two separate pleas in abatement. Evidence was heard in support of and in opposition to both of the pleas in abatement, and at the conclusion of the hearing upon the second plea in abatement, on August 27, 1926, and before the court had ruled thereon, the defendant filed an application for a change of venue, in which he alleged that the regular judge of the Circuit Court of Adair County would not afford him a fair trial because of the bias and prejudice of said judge against him, and in which he asked that the case be tried by some judge who did not have such bias and prejudice. The defendant further stated, in the application, that the knowledge of said judge's bias and prejudice against him, upon which the application was based, first came to him during the hearing upon his second plea in abatement. The application was supported by the affidavits of defendant and two reputable citizens, not of kin to nor counsel for defendant, and, in each of these affidavits, it was stated that the defendant would not have a fair trial before said judge because of his bias and prejudice against the defendant. When the application was overruled, the defendant orally challenged the jurisdiction of said judge to further proceed in the case and requested that further proceedings in the case be postponed until 9:30 o'clock on the morning of the following day, in order to afford him an opportunity to apply

for a writ of prohibition in this court. This request was denied, the second plea in abatement overruled, and the jury called to try the case.

It is our conclusion that, upon the filing of the application and affidavits above mentioned, the learned trial judge was disqualified in this case, under the provisions of Section 3991, Revised Statutes 1919, and that he had no power or authority to further act in the case, except to direct the substitution of another judge in his place, as provided by Section 3992 and Section 3994.

Section 3991, Revised Statutes 1919, provides that: "When any indictment or criminal prosecution shall be pending in any circuit court or criminal court, the judge of said court *shall be deemed incompetent to hear and try said cause* in either of the following cases: . . . ; or, fourth, when the defendant shall make and file an affidavit, supported, by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial." (Our italics.)

In such event, Section 3992 provides for the election of a special judge, and Section 3994 provides for the designation of the judge of another circuit or criminal court to try the case, when no special judge is elected, or, when elected, the special judge fails to qualify.

The Attorney-General says, in his brief: "According to the provisions of Section 3991, Revised Statutes 1919, this application and the supporting affidavits are in due form." We fully agree with the Attorney-General in this particular, and, for that reason, have concluded that the application should have been sustained. This court has expressly held that, when such an application and the affidavits in support thereof comply with the requirements of the statute, the application must be sustained; in other words, that the judge whose competency is so challenged has no discretion in the matter, and cannot sit in judgment upon the question of his own qualifications. [State v. Shipman, 93 Mo. 147, 6 S. W. 97; State v. Spivey, 191 Mo. 87, 90 S. W. 81; State v. Witherspoon, 231 Mo. 706, 133 S. W. 323.] See, also, State v. Caldwell (Mo. App.), 245 S. W. 626; State v. Duckworth (Mo. App.), 297 S. W. 150. In the case of State v. Spivey, supra, Judge Fox said: "While we recognize that almost intolerable abuses are practiced under the provisions of the law as it now stands, yet with the clear recognition by the Bench and Bar for many years that the provisions of the statute applicable to changes of venue, on the ground of the prejudice of the trial judge, are imperative, we see no escape from the conclusion that the application in this case was in, proper form and should have been granted."

After calling attention to the fact that the defendant had been granted a change of venue from Scotland County, because of the prejudice of the inhabitants thereof, the Attorney-General says: "Whether or not he was entitled to the second merely upon the filing

of his application and supporting affidavits is to be doubted.'' Manifestly, this suggestion is based upon a misconception of the statutes in question. These statutes (Sections 3991, 3992 and 3994) do not provide for a change of venue, or a change in the place of trial, but merely for the substitution of another judge in the place of the judge ''*who shall be deemed incompetent to hear and try*'' any criminal case. And while applications like the one now under consideration, looking to the compulsory disqualification of a trial judge, are commonly designated as applications for a change of venue, such designation is a misnomer. [State ex rel. McAllister v. Slate, 278 Mo. 570, 577, 214 S. W. 85.] This application, therefore, cannot be regarded as an application for a second change of venue.

The trial judge did not assign any reason for overruling the application in question, and the record fails to show the grounds, if any, upon which the prosecuting attorney opposed it. The Attorney-General has raised the question of notice only indirectly in his brief. As was pointed out in the case of State v. Spivey, supra, the statute (Sec. 3991) does not expressly provide for any previous notice of the filing of an application of this character. However, it appears upon the face of the application in this case that it was filed immediately after the defendant acquired the knowledge upon which it was based. And certainly the question of notice could not be involved under such circumstances, even though it be conceded that previous notice of such applications is required by law under ordinary circumstances.

In view of our conclusion that the trial judge was without authority, under the law, to sit in the trial of this case, we do not deem it proper to consider any of the other matters complained of. The judgment is reversed, and the cause remanded. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.