THE STATE v. FRANK IRVINE, Appellant.—72 S. W. (2d) 96.

Division Two, May 17, 1934.

*Don C. Carter* for appellant.

*Roy McKittrick*, Attorney-General, and *Wm. W. Barnes*, Assistant Attorney-General, for respondent.

COOLEY, C.—By information in the Circuit Court of Boone County the defendant was charged with forgery for having falsely made and forged a bill of sale of an automobile. Upon trial he was convicted and sentenced to six years' imprisonment in the penitentiary and from the judgment he has appealed. The question requiring consideration on this appeal arises out of the court's refusal to grant defendant's application for a change of venue or, to speak more accurately, the substitution of another judge, because of the disqualification of the regular judge.

Defendant was arrested and taken before a magistrate in July, 1933, where he waived preliminary examination and gave bond for his appearance at the ensuing October Term of the circuit court. On September 1, 1933, in vacation of the circuit court, the prosecuting attorney filed information charging defendant with the offense. It appears that shortly before the beginning of the October Term of the circuit court the judge arranged the docket for the term, setting this case down for trial for October 13. Defendant was not then present but a week or so before the date set for trial he was notified by the prosecuting attorney of the setting of the case. He had not yet employed counsel and did not do so until the evening of October 12. On the morning of the 13th he appeared with his counsel, entered a plea of not guilty and his counsel then orally requested the court to reset the case for a later day in the term so as to allow him time to prepare for the trial, stating to the court that he had been employed only the evening before, had had no opportunity to make any preparation and did not feel able to try the case without some preparation. The prosecuting attorney had not definitely answered ready, but stated that he expected to as soon as his witnesses arrived and he protested against a resetting or postponement of the case. The court declined to grant the request for a resetting of the case. Defendant's counsel then asked for time to confer with his client, which was granted and they retired from the court room. The bill of exceptions then recites: "And now, after an intermission, the defendant, by this counsel, filed his affidavit, same being in words and figures as follows, with affidavit in support thereof, to-wit:" Omitting captions and jurats, the affidavits, both sworn to before the circuit clerk on said October 13th, are as follows:

"Now comes the above named defendant, Frank Irvine, in person, and upon his oath, having been first duly sworn, states that the Honorable W. M. Dinwiddie, Judge of the circuit court of Boone County, Missouri, in which this cause is now pending, will not afford him a

fair trial, for the reason that the said judge of this court is prejudiced against the defendant and is biased in favor of the State.

"FRANK IRVINE,

"Affiant (Defendant)."

"We the undersigned I. F. Brown and Obie Williams, reputable persons, not of kin to or counsel for the defendant, first being duly sworn, upon our oaths state that we believe that the Honorable W. M. Dinwiddie, Judge of this Court, will not afford the defendant, Frank Irvine, a fair trial in this cause, on account of the prejudice of said judge against the defendant, and on account of his bias in favor of the state,

"I. F. BROWN

"OBIE WILLIAMS."

The prosecuting attorney objected to the granting of the application on the ground that defendant's affidavit was not in due form because it did not allege when knowledge of the judge's prejudice came to the defendant, whereupon defendant's counsel stated that if that allegation was necessary he would ask leave to amend the affidavit. The judge intimated that he thought the allegation necessary. Defendant asked leave to amend the affidavit by adding such allegation, which leave the court refused and overruled the application on the ground that without such allegation the affidavit was insufficient. Defendant made further efforts before the jury was sworn to obtain leave of court to file an amended affidavit showing that knowledge of the judge's prejudice first came to him that morning and that his application was presented as soon as possible thereafter, which leave was denied. Defendant also made oral but equally unsuccessful protest against the regular judge proceeding with the trial on the ground that said judge was prejudiced and would not give him a fair trial, and when all his efforts to obtain the substitution of another judge proved fruitless he refused to take part in the trial, which followed. It proceeded in his presence but without his participation. Defendant saved exceptions to the court's rulings above mentioned, and filed timely motion for a new trial and a bill of exceptions in which said matters are properly preserved for review.

The circuit court based its ruling on State v. Ballew, 9 S. W. (2d) 253, by the Springfield Court of Appeals, wherein the defendant's affidavit failed to state when he discovered the alleged prejudice of the judge. Before filing said affidavit the defendant therein had, on the same day, pleaded not guilty, announced ready for trial, withdrawn such plea, asked for a severance which was granted (there being two defendants) and filed motion to quash the information which was overruled. The court said:

"The affidavit does not allege when the defendant discovered the alleged prejudice of the judge, and under the facts disclosd pertain-

ing to the application and affidavit such allegation was essential, and, absent such allegation, the affidavit for a change of venue was not sufficient.''

The court cited State v. Caudle, 174 Mo. 288, 74 S. W. 621 and State ex rel. Lafferty v. Landon (Mo. App.), 289 S. W. 661, 662, in support of its ruling.

In the Caudle case the court disposed of the question thus, 174 Mo. l. c. 391: ''There was no error in denying the motion for a change of venue. Outside of the fact that it was not offered for filing until after all the jurors had been examined on their *voir dire* and a panel selected from which to obtain twelve jurymen, and after the State had made its challenges and the defendant had completed his challenges, it nowhere discloses any diligence. It does not appear when the defendant discovered the alleged bias of the judge. The courts are not to be trifled with after this manner; but no exception was saved, and the point is untenable.''

In State ex rel. v. Landon, supra, the relator had, on June 28, 1926, filed several motions and after they had been overruled, had then filed an application for ''change of venue'' because of the alleged prejudice of the judge, which had been verified by him on June 22, six days previously. The court said the application ''was in due form,'' but held that the relator had shown gross lack of diligence in thus waiting six days after information of the judge's alleged prejudice had come to him and in the meantime submitting to the judge's jurisdiction and obtaining his judgment on the motions and pleas filed on June 28. It is obvious that on the facts involved State ex rel. v. Landon is distinguishable from the instant case, and we think, also from the Ballew case.

In State v. Caudle, supra, the question was not before the court, since no exceptions had been saved to the ruling of the trial court, and what the court there said on this point was *obiter*. In none of the cases above mentioned was there any discussion of the governing statute.

■ The right of a defendant in a criminal case to disqualify the regular judge of the court and to require the substitution of another judge by affidavit charging that the regular judge will not give him a fair trial (frequently, though inaccurately, called a change of venue, State v. Myers, 322 Mo. 48, 14 S. W. (2d) 447; State v. Mitts (Mo.), 29 S. W. (2d) 125), is governed by statute. In State v. Witherspoon, 231 Mo. 706, 716, 133 S. W. 323, this court said, speaking of such disqualification and substitution: ''The right to a change of venue is statutory, and it is competent for the Legislature to provide the terms upon which it shall be granted.'' (Citing cases.) The statute, Section 3648, Revised Statutes 1929, 4 Mo. Stat. Ann., p. 3202, provides: ''When any indictment or criminal prosecution

shall be pending in any circuit court or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause in either of the following cases: . . . fourth, when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial.'' Section 3649 provides that upon the filing of a verified application alleging any of the grounds stated in Section 3648, supported by the affidavit of two or more reputable persons, the prosecuting attorney and the defendant, with the concurrence of the court, may agree upon a special judge; failing which the judge is required by Section 3651 to call in another judge to try the case. In none of those sections, nor in any other statutory provision dealing with the disqualification of the regular judge and the substitution of another judge by affidavit of the defendant do we find mention of a requirement that the statutory affidavit must contain an allegation showing when the defendant discovered that the judge would not afford him a fair trial, nor requiring notice to the prosecuting attorney of the intended presentation of the application. The statutory provisions governing changes of venue from the county or the circuit because of alleged bias of the inhabitants do require such notice, Section 3630, Revised Statutes 1929, 4 Mo. Stat. Ann., p. 3194, and if the application is made at a term subsequent to that at which the indictment is found, that the defendant's affidavit state that the facts on which he bases his application first came to his knowledge since the last preceding continuance of the cause, Section 3633, Revised Statutes 1929, 4 Mo. Stat. Ann., p. 3197.

It is now too well settled to justify further discussion that the provisions of the statute for substitution of another judge upon the filing of the statutory affidavits by a defendant are imperative and that when the defendant timely files his affidavit conforming to the statutory requirement, together with the statutory supporting affidavit, thus disqualifying the judge, the judge so disqualified cannot legally try the case. [See State v. Spivey, 191 Mo. 87, 90 S. W. 81; State v. Shipman, 93 Mo. 147, 6 S. W. 97; State v. Myers, supra; State v. Mitts, supra; Ex parte Thompson, 334 Mo. 1100, 70 S. W. (2d) 1051.] It remains only to inquire did the affidavits in this case satisfy the statutory requirements?

We have pointed out that the statute does not in terms require that the defendant's affidavit should disclose on its face when the defendant discovered the alleged prejudice of the judge because of which it is alleged he would not give the defendant a fair trial. If it is held to be there it must be read into the statute by construction. Such requirement, in certain instances, appears in the statutes governing changes of venue because of prejudice of the inhabitants of

the county or circuit. If the Legislature meant to make such requirement in cases where the substitution of another judge is sought instead of a change of venue from the vicinage it could easily have so stated in the statute and it would seem that, while dealing with the subject, it would have so provided, as it did in cases of change of venue based on prejudice of the inhabitants. The omission so to provide is not without significance. We have held that under Section 3648 notice to the prosecuting attorney of the intended presentation of the application therein provided for is not necessary because not required by the statute. [State v. Mitts, supra; State v. Creighton, 330 Mo. 1176, 52 S. W. (2d) 556.] In the Mitts case it appears from the opinion that the trial judge had overruled the application for want of such notice. In that case the defendant's affidavit is not set out in full in the opinion but from the statement therein of the substance of the affidavit it does not appear that it contained an allegation as to when the defendant discovered the alleged bias of the judge. It was held that "The affidavits filed by the defendant in this instance meet every requirement of Section 3991" (now Sec. 3648), and the judgment was reversed because the trial court had overruled the application. The defendant in the Mitts case had filed an application for continuance, and same had been overruled before he filed his affidavits disqualifying the judge. Upon examining the files of that case in the office of our clerk, we find that the defendant's affidavit therein did not contain any allegation as to when he had discovered the alleged prejudice of the judge, being substantially identical in that respect with the affidavit in the instant case, and the State in its brief in the Mitts case urged that the affidavit was insufficient for want of such allegation, citing State v. Ballew, State v. Caudle and State ex rel. v. Landon, supra.

In State v. Shipman, supra, the defendant's affidavit and the supporting affidavits are set out. The statutory provisions applicable to the question now under consideration were substantially the same then as now. The defendant's affidavit there in question followed the language of the statute, alleging that the judge "will not afford affiant a fair trial of the said cause," and contained no allegation as to when the defendant had acquired knowledge of such alleged fact. The supporting affidavits merely alleged, on that subject, that the defendant's affidavit was true "to the best of affiant's knowledge and belief." The court held that the affidavits were in substantial conformity with the requirements of the statute and that the judge's subsequent acts in presiding in the case were unauthorized and invalid. The precise point here in question, viz: that the affidavit did not allege when the defendant acquired knowledge that the judge would not afford him a fair trial, is not discussed in the opinion, but the court set out the affidavits, quoted the applicable statutory provisions,

held that the affidavits substantially conformed therewith and reversed the judgment and remanded the case because the defendant's application had been denied. The Shipman case has not, to our knowledge, been overruled or criticised on this point and it has been cited with approval by this court in a number of subsequent cases, several of them subsequent to the Caudle case. It should be added however, that such subsequent cases do not discuss the precise point here involved, viz.: whether the defendant's affidavit, in order to conform to the statute, must allege when the defendant acquired knowledge that the judge whom he seeks to disqualify will not afford him a fair trial.

In State v. Duckworth, 297 S. W. 150, the Springfield Court of Appeals held sufficient a similar affidavit of the defendant which failed to state when the defendant acquired knowledge of the judge's alleged prejudice. The Duckworth case is not mentioned in the subsequent decision by the same court in State v. Ballew, supra.

In our opinion the statute cannot be held to require that the defendant's affidavit contain the allegation in question without giving it a strained construction and in effect reading into it a provision or condition which the Legislature did not see fit to write therein. Clearly it does not in terms so require, any more than it requires notice to the prosecuting attorney. The statute is designed to safeguard the right of an individual charged with crime to a fair and impartial trial. To that end the statute gives the accused the right to demand, by proceeding as therein specified, the substitution of another judge when he is convinced that the regular judge will not afford him such trial. The right so given should not be restricted or limited by the courts by interpolating in the statute conferring it a condition not fairly within the apparent intendment of the legislative act. Granting that, as pointed out in the Spivey case, 191 Mo. l. c. 108, abuses are and no doubt will continue to be practiced under this statute as it now stands, the remedy, if remedy is desired, is a matter for legislative action rather than for the courts.

Though the point is not briefed it was suggested in oral argument by the learned Assistant Attorney-General who argued the case for the State that the supporting affidavit is insufficient because the affiants did not state in the language of the statute that the judge "will not afford him (the defendant) a fair trial," but only that they so believed. A similar contention was answered, and we think correctly, adversely to the State in State v. Duckworth, supra. As there said, —"They might believe it, but they could not, in the very nature of things, know of a certainty how nor in what manner the judge would be unfair, if permitted to try the case. All they could do, if honest and sincere, was to swear that they believed that he would not afford the defendant a fair trial." The courts will not so construe a stat-

ute as to make it require an impossibility or to lead to absurd results if it is susceptible of a reasonable interpretation. Supporting affidavits similar in this respect to that here in question were treated as sufficient in State v. Shipman, supra, also in Ex parte Thompson, supra. In the latter case the supporting affidavits are not set out in the opinion but are found in the files in the office of our clerk.

We hold that the defendant's affidavit and the supporting affidavit in this case are in substantial conformity with the requirements of the statute, and that the defendant's application for substitution of another judge should have been granted. This conclusion renders it unnecessary for us to discuss the question whether or not the defendant should have been permitted to amend his affidavit when he asked leave so to do. By thus holding we do not mean to say that applications based on the alleged prejudice of the judge may not be properly denied when filed so late that the circumstances indicate bad faith, as suggested in State v. Creighton, 330 Mo. l. c. 1196, 52 S. W. (2d) l. c. 563 (11-13). We are not ruling upon that question. Bad faith or gross lack of diligence might appear even though the affidavit contained the allegation for want of which the affidavit herein was held insufficient. [See State ex rel. v. Landon, supra.] The record herein does not present such situation.

Appellant criticises certain instructions given by the court. We think the criticisms now advanced without substantial merit but since defendant did not participate in this trial a different situation may be presented on another trial and we shall not discuss the instructions or other incidents of the instant trial. For the reasons stated the judgment of the circuit court is reversed and the cause remanded. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur, except *Ellison, P. J.,* absent.