STATE of Missouri, Respondent,

v.

Lowell Eugene FLEMING, Appellant.

No. 54811.

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

Arthur M. O'Keefe, Moberly, for appellant.

HOUSER, Commissioner.

Lowell Eugene Fleming, convicted by a jury of second degree murder of his wife and sentenced to 10 years' imprisonment, has appealed.

The killing occurred in a tavern. Present in addition to defendant and his wife were the tavern owner, Tuffy Lowry, and customers Max Richardson and Albert Mitchell. Tuffy Lowry testified at length at the preliminary hearing. Defendant and his attorney, Hon. Arthur M. O'Keefe, attended the hearing. Mr. O'Keefe conducted an exhaustive cross-examination of Lowry. Defendant, bound over for trial in circuit court, was placed in jail where he remained until trial time. The proceedings before the magistrate at the preliminary hearing were transcribed. A duly signed and certified copy of the transcript was filed in the office of the circuit clerk and a copy delivered to the prosecuting attorney. No copy of the transcript accompanied the warrant of commitment and no copy was delivered to the jailer. Neither defendant nor his attorney requested the magistrate or clerk to attach a copy to the warrant of commitment and so far as the record shows no request was made of the jailer or of the circuit clerk for a copy of the preliminary transcript. Between the date of the preliminary hearing and the date of trial witness Tuffy Lowry died. At the trial the transcript of the testimony of Lowry, consisting of 23 pages of direct and 22 pages of cross-examination, was received in evidence on behalf of the State over the objections of defendant's counsel (1) that defendant had not received a copy of the transcript as required by statute; (2) that he was thereby hampered in the preparation of his defense, and (3) that the transcript was incorrect. Defendant did not use the preliminary transcript for any purpose at any time during the trial.

Defendant contends that the transcript of Lowry's testimony was improperly admitted in evidence; that under § 544.370[1] and § 544.390[2] RSMo 1949, V.A.M.S., he was entitled to the preliminary transcript for

---

[1]. § 544.370, RSMo 1949, V.A.M.S.: "In all cases of homicide, but in no other, the evidence given by the several witnesses shall be reduced to writing by the magistrate, or under his direction, and shall be signed by the witnesses respectively." This rule was superseded by Criminal Rule 23.12, V.A.M.R., as follows: "In all cases of homicide, the evidence given by the witnesses shall be reduced to writing by the magistrate, or under his direction, and shall be signed by the witnesses respectively."

[2]. § 544.390, RSMo 1949, V.A.M.S.: "All examinations and recognizances taken in pursuance of the provisions of this chapter shall be certified by the magistrate taking the same, and delivered to the clerk of the court in which the offense is cognizable, on or before the first day of the next term thereof, except that where the prisoner is committed to jail, the examination of himself and of the witnesses for or against him, duly certified, shall accompany the warrant of commitment, and be delivered therewith to the jailer."

use in preparing his defense; that the duties imposed by the foregoing statutes are mandatory and that the officers had no discretion except to comply therewith; that their nature to do so is such an error as to require reversal of the judgment of conviction whether defendant was actually prejudiced or not, and that defendant did not take any action whereby his rights in this regard were waived.

■ The State challenges § 544.390 on the ground that it has been superseded. Criminal Rule 23.11,[3] which was derived from § 544.390, constitutes a rewriting and revision of § 544.390. The rule was intended not only as a substitute for but to cover the entire subject matter contained in § 544.390 and to prescribe the only rule with respect thereto. The rule eliminated the exception which required that the examination accompany the warrant of commitment and be delivered therewith to the jailer, in cases in which the prisoner is committed to jail. The rule, inconsistent with the statute to this extent, adopted by the Court under the express authority of the Constitution, Article V, § 5, V.A.M.S., superseded the statute, State v. King, Mo.Sup., 380 S.W.2d 370(8, 9), and has not been annulled or amended by later enactment of the General Assembly. Accordingly, there was no obligation upon the State to furnish the jailer with the examination conducted at the preliminary hearing, and the admission of the transcript of Lowry's testimony is governed by the general rule that the testimony of a witness given on the preliminary examination of the accused is competent on the trial where the witness died in the meantime. 9 Mo. Digest Criminal Law, ☞ 542. The objection on the ground that the transcript was incorrect is without merit because the alleged incorrectness was not specified and substantiated.

■ Defendant's second point is that the court erred in admitting the testimony of Richardson and Mitchell, who were produced in person at the trial and offered as witnesses on behalf of the State. Their testimony was admitted in evidence over objection of defendant that they had testified at the preliminary hearing and defendant had been hampered in preparation for trial by failure to give defendant a copy of the preliminary transcript. As we have seen, defendant had no right to such a transcript by statute or under the criminal rules. Nor was he so entitled as a matter of essential fairness. Defendant and his counsel having appeared at the preliminary examination; having heard the witnesses' testimony and having cross-examined at length, were thoroughly familiar with the testimony to be expected from these witnesses at the trial. Defendant had the same counsel at the trial that he had at the preliminary hearing. In the interim between preliminary hearing and trial (approximately 11 months) defendant and his counsel had ample opportunity to review the transcript, which was on file in the office of the circuit clerk, available and open to inspection and use by defendant's counsel, and to investigate the case and assemble any evidence available to contradict the testimony of the witnesses who testified for the State at the preliminary hearing. Neither defendant nor his counsel asked for a copy of the transcript or so far as the record shows complained of the lack of a transcript at any time or expressed any interest in the transcript until it was sought to be introduced in evidence and used at the trial. Under these circumstances appellant's substantial rights were not adversely affected by the failure of the magistrate or clerk to deliver a copy to the jailer.

■ Defendant's last point is that the court erred in admitting defendant's in-

---

3. Criminal Rule 23.11, V.A.M.R.: "Upon the completion of preliminary examination, if the defendant be bound over to answer a felony charge, all papers in connection with the hearing shall be certified by the magistrate or the clerk to the clerk of the court in which the offense is cognizable, within ten days; unless the court shall sooner convene, in which event the magistrate shall so certify on or before the day set for the court to convene."

criminating statement to the officers because he was not properly informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Defendant was taken into custody by the state highway patrol. At patrol headquarters he was shown a card with the following printed thereon:

### "YOUR RIGHTS

Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer."

Defendant contends that the warning thus provided falls short of the requirements of Miranda that the person in custody be advised that anything he says can *and will* be used against him, and that if he cannot afford an attorney one will be appointed for him without cost prior to questioning if he so desires (and not after he goes to court).

Whatever deficiencies there were in the printed warning, there was no error in admitting the incriminating statement, because in addition to the printed card handed to defendant he was orally advised fully as to his rights. Officer Patterson testified as follows:

"Q. And at the time of the arrest did you have any conversation with the defendant Mr. Fleming?

A. Yes, sir, he was advised that he was under arrest for investigation of murder of his wife, and also Constitutional rights were told to him.

Q. And what Constitutional rights did you explain to him?

A. That he didn't have to say anything unless he wanted to and if he did say anything it could or would be used in court against him, and that if he wanted a lawyer present when questioning him he could have one. If he could not afford a lawyer that we would get a lawyer for him.

Q. Did you advise him of those things at the time of his arrest?

A. Yes.

Q. Did you advise him of those things orally?

A. Yes."

The warnings, printed and oral, complied with the requirements of Miranda.

No error appearing, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and McGUIRE, Sp. J., concur.

STORCKMAN, J., not sitting.