**STATE of Missouri, Respondent,**

v.

**James H. SULLIVAN, Appellant.**

**No. 56749.**

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Floyd Sperry, Jr., Barkley M. Brock, Clinton, for appellant.

ROBERT G. RUSSELL, Special Judge.

James H. Sullivan was first tried on a charge of stealing neat cattle on January 3, 1969 and was convicted and sentenced to serve a term of ten years. That conviction was reversed, State v. Sullivan, Mo. (1970), 451 S.W.2d 123, and defendant was retried on December 14, 1970. That trial ended in a hung jury, and on March 12, 1971 defendant once again was tried and on conviction was sentenced to serve a term of ten years in the penitentiary. Defendant has appealed from the verdict and sentence.

Prior to his third trial defendant had filed an affidavit for disqualification of the trial judge on January 19, 1971 in the following form:

"Comes now James H. Sullivan and pursuant to Supreme Court Rule 30.12, V.A.M. R., herein and hereby makes Oath and affirms that he does verily believe that he cannot have a fair and impartial trial on charges of *Stealing Neat Cattle,* said charge presently pending in this Court, by

reason of the intrest or prejudice of the Honorable Kelso Journey, Judge.

"Wherefore defendant moves the Court, in accordance with his affidavit above set out, to disqualify himself from hearing this case."

The affidavit was duly notarized. At the time of the filing of this affidavit, the case was set for trial on February 11, 1971.

Rule 30.12, V.A.M.R., insofar as here applicable reads as follows:

" * * * The Judge shall be disqualified under the provisions of this Rule if, having previously given reasonable notice to the opposite party, the defendant or the prosecuting attorney shall file an affidavit stating the defendant or the state, as the case may be, cannot have a fair and impartial trial by reason of the interest or prejudice of the judge. Said affidavit must be filed not less than five days before the day the case has been set for trial, except in instances where the particular trial judge has not been designated five days before the day the case has been set for trial. * * *"

The state does not contend that reasonable notice was not given, but asserts that the affidavit was not timely filed because it was not filed five days prior to the first trial setting in January of 1969. The state further contends that the affidavit was not supported by the affidavits of two reputable persons as required by § 545.660, RSMo 1969, V.A.M.S.

At the time the defendant's affidavit for disqualification was filed, this case was set for trial some 23 days hence. The fact that the case had twice been previously tried by the same judge did not operate to strip the defendant of his right to one disqualification of the trial judge upon the filing of an affidavit in proper form. The rule seems quite clear that, regardless of the number of times the case is tried, the defendant is entitled to one disqualification of the trial judge upon the timely filing of his affidavit of prejudice, and

that affidavit may be filed five days before the first trial or five days before the third trial. The reason for the five-day requirement is to allow time for a new judge to be called in to sit, not to remove from the defendant his right to a fair and impartial judge. There can be no doubt that the administration of justice requires in the first instance a judge who is free of bias or prejudice toward the defendant. While some may claim that the procedure in Rule 30.12, V.A.M.R., gives to the defendant the ability to disrupt the docket or to unduly delay the trial, the small inconvenience is certainly more than offset by the defendant's right to have a judge removed who he feels is biased and prejudiced.

A defendant is entitled to one change of venue and one disqualification of judge in a criminal case upon proper showing. State ex rel. Johnson v. Green, Mo. (1970), 452 S.W.2d 814. Defendant had originally been charged in this case in the Circuit Court of St. Clair County, and had taken a change of venue to the Circuit Court of Henry County. The fact that a previous change of venue had been obtained by defendant did not constitute a waiver of his right to a disqualification of the trial judge. There is no provision requiring that the disqualification affidavit and the change of venue affidavit be coupled together in a criminal case.

If the affidavit for disqualification of the trial judge is in the proper form and is timely filed, the trial judge must disqualify himself. He has no discretion to determine whether or not he is in fact interested or prejudiced and he may not look behind the affidavit to try to ascertain the motive of the party moving for the disqualification. State ex rel. McNary v. Jones, Mo.App. (1971), 472 S.W.2d 637. In the instant case we hold the defendant's application to be in proper form and timely filed and hence the judge was without jurisdiction to have proceeded with the trial of the defendant.

■ The state's second contention that there should have been two supporting affidavits as required by § 545.660, RSMo 1969, V.A.M.S., is unfounded. Article V, Section 5, Missouri Constitution, 1945, V.A.M.S., gives to the Supreme Court the right to promulgate rules which shall be effective until annulled or amended by law limited to that purpose. Rule 30.12, V.A.M.R., was promulgated by the Supreme Court after the enactment of § 545.660, RSMo 1969, V.A.M.S., and no law has been enacted annulling or amending Rule 30.12, and hence the rule is controlling. State v. Fleming, Mo. (1970), 451 S.W.2d 119, 121.

In view of our holding in regard to the disqualification of the trial judge, it is unnecessary to reach defendant's other allegations of error.

The judgment is reversed and case remanded with directions to the trial judge to sustain the motion for disqualification and for a new trial.

HOLMAN, P. J., and BARDGETT, J., concur.

SEILER, J., not sitting.