**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John BIBBS, Defendant-Appellant.**

No. 43533.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 30, 1982.

Motion for Transfer Denied
May 14, 1982.

Application to Transfer Denied
July 12, 1982.

---

Joseph W. Downey, Mary Louise Moran, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Kirk Lohman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

The defendant, John Bibbs was found guilty by a jury of assault in the first degree for which he was sentenced to a term of 30 years imprisonment as a dangerous offender pursuant to Section 558.016 RSMo 1978. He appeals.

Only a brief recitation of the facts salient to the issues on appeal is necessary as the defendant does not challenge the sufficiency of the evidence.

On the morning of December 21, 1979, Howard Goldenberg returned from the bank to the parking lot of the Golden Fur-

niture Store. As he parked his auto, a man came up to the driver's side of the vehicle and grabbed the door handle. Finding the door locked he ordered Mr. Goldenberg out of the auto. Mr. Goldenberg refused and started sounding the horn whereupon the man fired shots into the auto. The victim was struck in the arm by one bullet. The second bullet was deflected by a pen in his pocket. Police Officer Brown was in the store at the time and came out to investigate. He saw a man standing next to the car with a small caliber pistol. The man fled and was pursued by the officer until the man got into a Cadillac. The officer broadcast a description of the man and the vehicle over his radio and the auto was stopped a few minutes away. Officer Brown was then transported to the scene where he identified the passenger as the fleeing man. The passenger was later identified as the defendant John Bibbs. The driver of the car was identified as Howard McNutt, a former employee of the Golden Furniture Store.

In his first point on appeal the defendant contends the trial court erred in failing to grant his motion for a change of judge as his application was proper. We disagree.

The defendant's trial began on July 22, 1980. As of that date, no Supreme Court Rule was in effect which governed applications for change of judge in a criminal case.[1] Rule 19.04 states, if no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with judicial decisions or applicable statutes. Defendant cites *State v. Sullivan*, 486 S.W.2d 474 (Mo.1972) for the proposition that former Supreme Court Rule 30.12 controls over § 545.660 RSMo 1978. We disagree.

■ At the time of the proceedings pertinent to *Sullivan, supra,* Rule 30.12 was in effect and accordingly § 545.660 RSMo 1978 was not in effect. On June 13, 1979, however, Rule 30.12 was repealed. Therefore, § 545.660 RSMo 1978 was again the applicable provision governing defendant's

---

1. Former Rule 30 was repealed by order of the Supreme Court dated June 13, 1979. New Rule 32 was enacted to be effective January 1, 1980.

On November 21, 1979, however, the Supreme Court suspended Rule 32 until further notice. Rule 32 became effective January 1, 1982.

application for change of judge. And according to Subsection 4 of § 545.660 RSMo 1978 when the defendant alleges in his motion for a change of judge that the judge will not afford him a fair trial, as the defendant did so here, the application must be supported by the affidavit of two reputable persons, not of kin to or counsel for the defendant. As defendant's application lacked such an affidavit, it was improper and thus properly overruled by the trial court. Point denied.

During its opening statement the state made the following statements:

The driver of that vehicle was Mr. Howard McNutt, the passenger of that vehicle was this defendant, John Bibbs. The State will show that, through Mr. Goldenberg's testimony, that Howard McNutt was a former employee of the store and knew the operations of the store. Both men were placed under arrest by Officer Smith and what is known as the Evidence Technician Unit was called to respond to process the car . . .

■ Defendant contends that the court erred in permitting the prosecution to make these statements as they enabled the jury to infer that the case against defendant's co-conspirator "had been resolved." Defendant further argues that charges had never been issued against McNutt and the court refused to permit defendant's counsel, in the defendant's opening statement, to refer to the fact that McNutt was never charged. The trouble with defendant's contention is that the defendant's counsel failed to object to the complained of statement by the prosecutor. The defendant thus did not preserve the contention for appellate review. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo.App.1973).

■ However, even considering the point on the merit, we see no error. While the statements of the prosecutor concerning Howard McNutt do suggest the possibility of concerted action between the defendant and McNutt, these same references fail to suggest that the case against defendant's "co-conspirator" had been resolved. In fact, no reference was ever made concerning any disposition of McNutt other than

his arrest. It is improper to tell the jury that a jointly accused defendant has been convicted, pleaded guilty or has been acquitted. *State v. Aubuchon*, 381 S.W.2d 807, 815–816 (Mo.1964). The point is denied.

The defendant's attorney in her opening statement began to outline evidence she would develop on the cross-examination of the state's witnesses. The court sustained an objection that this was an improper opening statement and was in the nature of final argument. In answer to this ruling, the defense attorney then offered to call all the state's witnesses as defense witnesses. On appeal defendant complains of the court's ruling. We find no error in the court's ruling.

■ The purpose of an opening statement is to inform the court and jury as to the nature of the case, give an outline of the anticipated proof and point out the significance of the evidence as it will be presented. The purpose is not to test the sufficiency or competency of the evidence. *State v. Hurst*, 612 S.W.2d 846, 853 (Mo. App.1981).

■ In its opening statement the defense did not discuss the evidence it was going to produce but attempted to outline the evidence favorable to the defense as it would be developed through the cross-examination of the state's witnesses. As such the opening statement of the defense consisted of comments relating to the credibility of the state's witnesses. Thus we find no error in limiting defendant's opening statement to the evidence it would introduce. *Hurst, supra.*

The defendant further argues in his third point that he should have been permitted to call the state's witnesses as his own.

■ The trial court has discretion as to the admission of evidence. *State v. Smith*, 588 S.W.2d 139, 143 (Mo.App.1979). Defendant's theory of the case was one of mistaken identification. As such the defendant was able to and did present his case in the cross-examination of the state's witnesses. Direct examination of these witnesses by the defense counsel would not have presented any further testimony that

had not already been elicited on cross-examination. We find no abuse of discretion. Point denied.

In his final point the defendant contends the trial court erred in failing to instruct on the lesser included offenses of assault in the second degree and assault in the third degree.

At trial the defendant denied any involvement in an assault of Howard Goldenberg. Defendant stated he was in St. Louis concerning a job he had heard about and was on his way to his brother's house when he hitched a ride in the vehicle that was subsequently apprehended.

The purpose of the jury instructions is to instruct the jury on the law based on the evidence presented in the case. *State v. Brandon,* 606 S.W.2d 784, 787 (Mo. App.1980). As the defendant denied any involvement in an assault it was not necessary to instruct the jury on the lesser included offenses of assault in the first degree. *State v. Feast,* 588 S.W.2d 158, 160 (Mo.App.1979). Point denied.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.