**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Loyd Dean BERRY,
Defendant-Appellant.**

**No. 44059.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 27, 1982.

James G. Gregory, Montgomery City, John Edward Cash, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Audrain County, Mexico, for plaintiff-respondent.

CRIST, Judge.

Defendant appeals from a jury conviction on two counts of selling intoxicating liquor without a license, § 311.550(6) RSMo 1978. The trial court's sentence followed the jury's recommendation of a $500.00 fine on each Class D felony count. We reverse and remand.

Defendant was found guilty of taking part in the organization of a "party" which provided unlimited food, live bands, and all the tap beer one could drink in return for a $7.00 gate charge. Two undercover agents of the Missouri State Division of Liquor Control paid the gate charge and obtained two cups of beer. Chemical analysis revealed the beer's alcoholic content was within the statutory definition of intoxicating liquor, § 311.020 RSMo 1978. No license to sell had been obtained.

Defendant alleges reversible error in the trial judge's failure to disqualify himself after receiving affidavits from defendant and two others claiming the trial judge would not afford defendant a fair trial. Section 545.660(4) RSMo 1978. The affidavits were filed a day before trial was scheduled to commence. The trial judge, on the day of trial, overruled the motion to disqualify as "having been filed out of time."

On the date of the proceedings, no Supreme Court rule was in effect governing applications for change of judge in criminal cases. Consequently, § 545.660(4) RSMo 1978, controlled the proceedings. *State v. Bibbs*, 634 S.W.2d 499 (Mo.App.1982). Section 545.660, unlike previously controlling Supreme Court Rule 30.12 and present Rule 32, contains no express filing time requirement.

In *State v. Irvine*, 335 Mo. 261, 72 S.W.2d 96 (1934), a request for change of judge was filed on the morning of trial before the parties announced ready and the jury impaneled. The Supreme Court held the affidavits conformed with the requirements of the statute and defendant's application should have been granted.

■ Defendant's application in the present case was filed a day prior to trial. The parties had not announced ready, nor had voir dire been commenced. *See State v. Pyle*, 343 Mo. 876, 123 S.W.2d 166, 169 (1938); *State v. Davis*, 203 Mo. 616, 102 S.W. 528 (1907). The trial judge did not inquire as to the signers of the supporting affidavits; therefore the application was not denied because defendant failed to produce them. *See State v. Lawson*, 352 Mo. 1168, 181 S.W.2d 508 (1944). Defendant, in his affidavit, need not allege when he acquired knowledge of the judge's alleged prejudice. *State v. Irvine, supra,* 72 S.W.2d at 100. Based on the record before us, defendant's application was not "filed so late that the circumstances indicate bad faith," a situation whereby the application may properly be denied. *Irvine, id.* Insofar as defendant's application conformed to the requirements of § 545.660(4) in effect at the time, the application should have been granted.

We have considered defendant's other points of error but deem it unnecessary to answer them because there was no error.

Reversed and remanded.

SNYDER, P. J., and STEWART, J., concur.